COMMONWEALTH *vs.* ISRAEL ANDLER.

Middlesex.    January 8, 1924. — February 25, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Jurisdiction. Practice, Criminal,* Question of jurisdiction, Exceptions. *Supreme Judicial Court. Wrongful Possession of Registered Container.*

A complaint charging that the defendant, being a " dealer in second hand articles, to wit, bottles," at a certain time and at a certain place " did have in his possession registered vessels, to wit, fifty-nine registered bottles marked . . . [with the name of an owner] without the written consent of the owner . . . against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided," sets out no crime known to the law of this Commonwealth.

The defendant named in the complaint above described was tried in a district court and, on appeal to the Superior Court, was found guilty and was sentenced to pay a fine of $30 and expenses of prosecution amounting to $10, and the execution of the sentence was stayed. Exceptions saved by him at the trial were argued before this court. No motion to quash the complaint on the ground that it set forth no crime known to the law was made nor was any contention to that effect made or argued at the bar. *Held,* that this court should consider of its own motion the question, whether the trial court had jurisdiction to sentence the defendant.

COMPLAINT, received and sworn to in the District Court of Somerville on January 20, 1922, charging that the defendant, " a dealer in second hand articles, to wit, bottles," on January 18, 1922, at Somerville, " did have in his possession registered vessels, to wit, fifty-nine registered bottles marked H. P. Hood & Sons, Registered, without the written consent of the owner, the said H. P. Hood & Sons, Inc., against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided."

On appeal to the Superior Court, the complaint was tried before *Sisk,* J. At the close of the evidence, the defendant asked the trial judge to order a verdict of not guilty. The judge refused to do so. The jury found the defendant guilty. The defendant alleged exceptions.

The defendant was sentenced to pay a fine of $30, and $10, expenses of prosecution, and, on motion of the defendant, the execution of the sentence was stayed.

The case was submitted on briefs.

*B. Rabalsky & S. A. Margolis,* for the defendant.

*A. K. Reading,* District Attorney, *& G. W. Pearson,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   This complaint, made by one Comiskey, " agent for H. P. Hood & Sons, Inc., a corporation," charges that the defendant at a specified time and place " did have in his possession registered vessels, to wit, fifty-nine registered bottles marked H. P. Hood & Sons, Registered, without the written consent of the owner, the said H. P. Hood & Sons, Inc., against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided." There was a verdict of guilty. Sentence of fine was imposed but its execution stayed.

This complaint sets out no crime known to the law of this Commonwealth. It is a complaint in proper form under G. L. c. 110, § 20, on which a search warrant may issue and on which a person in possession of such vessels as are there described may be summoned into court and examined as to the circumstances of such possession, and on which possession of such property taken on the search warrant may be awarded to the owner. That section does not authorize the imposition of any sentence on the person in whose possession the vessels are found. The only crime created with explicit reference to registered bottles is in G. L. c. 110, § 18. It there is provided that " No person, without the written consent of the owner thereof, shall fill with a beverage with intent to sell the same any vessel registered under the preceding section, or change in any way, or conceal any name or the word ' registered ' thereon, or buy, sell, traffic in or dispose of any such vessel."

The complaint in the case at bar manifestly is not framed on § 18 and does not charge the essential facts made a crime thereby. Plainly it is not based on G. L. c. 110, §§ 1, 22, 23, 24.

Objection to the complaint on the ground that it set out no crime known to the law might have been taken by motion to quash. But this defect affected the jurisdiction of the court and properly might be raised at a later time.

G. L. c. 278, §§ 17, 34. *Commonwealth* v. *Connor*, 155 Mass. 134.

The point that the complaint sets forth no crime known to the law has not been raised or argued at the bar. Nevertheless it ought to be noticed. No court has jurisdiction to sentence a defendant for that which is not a crime. It is the duty of the court to consider such a point of its own motion. *Commonwealth* v. *New York Central & Hudson River Railroad*, 206 Mass. 417, 427. *Eaton* v. *Eaton*, 233 Mass. 351, 364, and cases there cited. *Paige* v. *Sinclair*, 237 Mass. 482. *Jordan* v. *Ulmer*, 237 Mass. 577. *Attorney General* v. *Pelletier*, 240 Mass. 264, 299. *Maker* v. *Bouthier*, 242 Mass. 20, 22, 23. To permit a sentence to stand for that which is not a crime would shock judicial conscience and result in a palpable miscarriage of justice.

The questions argued cannot be considered because they all rest on the assumption that the complaint is valid. Since the court has no jurisdiction of the case tried on this complaint, it cannot deal with other matters which might be involved if a crime were charged.

No order is made other than exceptions sustained, because, although the defendant cannot be held for sentence upon the complaint, it is possible that there ought to be further proceedings with reference to awarding to the owner possession of the property taken on the search warrant. G. L. c. 110, § 20.

*Exceptions sustained.*