COMMONWEALTH *vs.* THOMAS C. KALINOWSKI.

Norfolk. December 7, 1971. — December 30, 1971.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Breaking and Entering. Practice, Criminal, Ordering verdict.*

Notwithstanding an allegation in an indictment that the defendant "did break and enter in the nighttime the building of Ward Realty . . . in said Needham with intent therein to commit larceny, and did steal assorted stereo . . . |equipment|," the Commonwealth was required to prove only that the building was owned by someone other than the defendant |683–685|, and the evidence was sufficient to permit the jury to conclude beyond a reasonable doubt that the defendant was not the owner |685|.

A denial of general motions for directed verdicts addressed to the entire charges in an indictment for breaking and entering with intent to commit larceny and for theft was proper where the evidence was sufficient to permit the jury to find the defendant guilty of the offence of larceny of property included in the indictment. |686|

INDICTMENT found and returned in the Superior Court on June 4, 1970.

The case was tried before *Ford, J.*

*Herbert D. Lewis* for the defendant.

*George G. Burke,* District Attorney, *& Robert J. Fleming,* Special Assistant Attorney General, for the Commonwealth, submitted a brief.

QUIRICO, J.   The defendant was convicted by a jury on an indictment charging that on or about April 22, 1970, at Needham, he "did break and enter in the night time the building of Ward Realty . . . in said Needham with intent therein to commit larceny, and did steal assorted stereo cassettes, two guitars and one 8 track tape deck, of the total value of more than one hundred dollars, of the property of Jerry Davis and Pauline Davis, in said building."   The case was tried under the provisions of G. L. c. 278, §§ 33A–33G.   The case is before this court on the defendant's assignment of alleged errors by the trial judge.

The defendant has assigned and argued four alleged errors.   The first two relate to the judge's denial of his motions for a directed verdict, one made at the close of the Commonwealth's case and the other at the close of his case.   Both motions were based on the claim that "there was no evidence that Ward Realty Company owned the building in question and no evidence that the Defendant did not own the said building."   The third assignment relates to the judge's refusal to instruct the jury "that the indictment alleges that the Defendant broke and entered a building owned by Ward Realty Company and there was no such evidence."   The fourth assignment relates to the judge's instruction to the jury that they "need not find that the building was owned by Ward Realty Company."   Thus the assignments all relate to the same basic question, viz., whether the Commonwealth was required to prove that Ward Realty Company (Ward) owned the building in which the break occurred, and if not whether there was evidence sufficient to prove that the defendant did not own it.   It can be stated at this point that an examination of the transcript discloses no evidence that Ward owned the build-

ing or from which it could be inferred that Ward owned it.

There are many early decisions by this court (prior to 1899) holding that the Commonwealth was required to allege the name of the owner of a building involved in an indictment charging the crime of breaking and entering therein, and that it was required to prove such ownership. No useful purpose would be served at this date to review or even to cite any of those many decisions. Many of them are no longer applicable because of the great change in criminal pleading and practice brought about by St. 1899, c. 409, entitled, "An Act to provide for the simplification of criminal pleadings." Two of those changes are now found in G. L. c. 277. Section 25 of that chapter provides that: "If an indictment for a crime involving the commission or attempted commission of an injury to property describes the property with sufficient certainty in other respects to identify the act, it need not allege the name of the owner." Section 35 provides in pertinent part as follows: "A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence. He shall not be acquitted by reason of . . . an immaterial mistake in the description of property or the ownership thereof, [or] failure to prove unnecessary allegations in the description of the crime . . . ."

The gravamen of the crime charged against the defendant is not that the building allegedly broken and entered belonged to Ward, but rather that the defendant broke and entered a building not his own. Under G. L. c. 277, § 25, quoted above, the indictment need not have alleged the name of the owner if it described the property with sufficient certainty in other respects to identify the act charged.

We hold that notwithstanding the allegation in the indictment that the building in question was owned by Ward, all the Commonwealth was required to prove as to ownership was that the building was owned by someone other than the defendant. Cf. *Commonwealth* v. *Kozlowsky*, 238 Mass. 379,

382–383. The Commonwealth is not required to make a title examination at the registry of deeds or to examine other public records bearing on title to real estate as a condition precedent to bringing charges or obtaining a conviction for breaking and entering a building. We hold further that the evidence introduced prior to the time the defendant made each of his two motions for directed verdicts was sufficient to permit the jury to conclude beyond a reasonable doubt that the defendant was not the owner of the building in question.

The jurors saw the defendant who was a youth of seventeen years. In his cross-examination of a police sergeant, counsel for the defendant elicited the information that two friends of the defendant, identifying them by name, had been arrested and convicted for the offence for which the defendant was being tried. They heard testimony from the sergeant concerning questions put to and answered by the defendant. In his answers to the sergeant the defendant said that several hours before the music shop in the Ward building was broken into he was near the building with his two friends and that he engaged in a discussion with them about breaking into the building. He knew they were going to break and enter the building. There was no evidence that he tried to dissuade them from their plan to break and enter the building, claimed to own the building, or notified or threatened to notify the police. His participation in the conversation concerning the proposed break, his statements to the police after the break, and his general conduct permitted an inference that he did not own the building.

The defendant then rested and made his first motion for a directed verdict, which was properly denied. Thereupon he asked the court to reopen the case so that he might testify and the court allowed this request. His testimony contributed further to the evidential foundation upon which the jury could properly infer that he did not own the building in question. He testified in part as follows. He did not remember whether he was employed at the time of the break. Several hours before the break he was with two

friends and there was some discussion about breaking into the building.  Subsequently, about 11:50 P.M. that evening, he and his two friends got out of a car in back of the music store in the Ward building.  About two hours later his two friends arrived at his home with a stereo record player which they had stolen from the store and asked to put it in his garage.  He allowed them to do so but told them he did not want it around the house.

We therefore conclude that there was no error either in the judge's denial of the defendant's motions for a directed verdict or in his action with respect to instructions to the jury.

Although not necessary to this decision, we note that the denial of the motions for a directed verdict was proper for an additional reason.  Both motions were general motions addressed to the entire charge contained in the indictment.  The evidence was sufficient in any event to permit the jury to find the defendant guilty of larceny of property of Jerry Davis and Pauline Davis, and for that reason the defendant was not entitled to a directed verdict of not guilty on the indictment generally.  *Commonwealth* v. *Domanski,* 332 Mass. 66, 75–76.

*Judgment affirmed.*