COMMONWEALTH *vs.* EDWARD F. KENNEDY. February 5, 1976. The
defendant appeals under G. L. c. 278, § 33B, from convictions of unlaw-
ful possession of a shotgun with a barrel less than eighteen inches, at-
tempted kidnapping, and armed robbery of an automobile. The victim
testified that while he was seated in his car the defendant, armed with
the shotgun, had tried to kidnap him, but that he had managed to es-
cape as the defendant drove the car away. The defendant, who denied
any intent to kidnap, admitted having taken the car at gunpoint, but
defended on the ground of compulsion. He testified that he had been
escaping an unknown man who had had the shotgun and was attempt-
ing to kidnap him, and from whom he had escaped after seizing the
shotgun. 1. The defendant's exception to the trial judge's exclusion of
the conversation between the unknown man and the defendant fails
because there was no offer of proof which would enable us to determine
whether the defendant was prejudiced by the ruling. *Commonwealth* v.
*Baker,* 348 Mass. 60, 63-64 (1964). *Commonwealth* v. *Kleciak,* 350
Mass. 679, 693 (1966). 2. The exclusions of testimony which were fol-
lowed by offers of proof were not erroneous. None of the excluded ma-
terial tended to prove the existence of a compulsion which was "present,
immediate and impending, and of such a nature as to induce a well
founded fear of death or at least serious bodily injury ... [and from
which there was] ... no reasonable opportunity to escape ... without
committing the crime." *Rhode Island Recreation Center* v. *Aetna Cas.
& Sur. Co.* 177 F.2d 603, 605 (1st Cir. 1949). Perkins, Criminal Law
954 (2d ed. 1969). 3. The judge did not err in instructing the jury that
they were not to consider compulsion, because there was no evidence
which, if believed, would have made out a defense of compulsion. *Com-
monwealth* v. *Moore,* 359 Mass. 509, 515-516 (1971). Perkins, *supra.*
4. The requested instruction that one who disarms his attacker is not
guilty of unlawful possession was properly refused because the defend-
ant admitted that he held the gun long thereafter. 5. The defendant's
motion for a directed verdict of not guilty on the armed robbery in-
dictment was properly denied, both because the requisite intent might

have been inferred from the circumstances of the defendant's taking the car, *Commonwealth* v. *Salerno,* 356 Mass. 642, 648 (1970), and cases cited, and because, even if that inference were not permissible, the jury could have found the defendant guilty of a lesser included offense. *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166-167 (1967). *Commonwealth* v. *Kalinowski,* 360 Mass. 682, 686 (1971). 6. Records of the defendant's prior convictions, consisting in each case of a copy of the indictment and a copy of the docket entries, were introduced in evidence, some over an objection the basis of which was not made clear at the time but which later turned out to have been an objection to statements in two of the dockets that the defendant had refused mental examination. Because the records of conviction were generally admissible, the general objection to the admission of a group of five such records, only two of which contained the offending material, was unavailing. *Commonwealth* v. *Bottiglio,* 357 Mass. 593, 596 (1970), and cases cited. In addition, because the refusal noted in one of the dockets was on the same date (and may well have been the same refusal) as the one noted in the docket admitted without objection, and the other refusal was remote in time (nine years earlier), the defendant could not have been harmed. *Vernazzarro* v. *A. A. Will Corp.* 2 Mass. App. Ct. 885 (1974), and cases cited. 7. There was no error in sending the exhibits to the jury room. *Forcier* v. *Hopkins,* 329 Mass. 668, 671-672 (1953). *Commonwealth* v. *Rondoni,* 333 Mass. 384, 386 (1955). The request that the records of conviction not be sent to the jury room was addressed to the discretion of the judge, and there was no abuse of discretion. Compare *Solomon* v. *Dabrowski,* 295 Mass. 358, 360 (1936).

*Judgments affirmed.*

*Susan Baronoff (Gordon Oppenheim* with her) for the defendant.
*Alice Richmond,* Assistant District Attorney, for the Commonwealth.