COMMONWEALTH *vs.* BENEDICTO SEPULVEDA. April 14, 1978. After a jury trial held pursuant to G. L. c. 278, §§ 33A-33G, the defendant was

convicted of possession of a controlled substance (heroin) with intent to distribute, and he has appealed. 1. There was no violation of the hearsay rule as contended by the defendant when a witness was allowed to testify that as the result of a conversation with a fellow officer he directed that officer to "reduce the information he had into an affidavit in support of a search warrant for ... Benito's Market ..." as (a) the statement was not offered for the truth of the matter stated but rather to complete the narrative of events leading to the search of Benito's Market which, as the officer went on to testify, was performed pursuant to a warrant, *Commonwealth* v. *Miller*, 361 Mass. 644, 659 (1972); and (b) the witness did not testify to what had been said by his fellow officer. *Commonwealth* v. *Agiasottelis*, 336 Mass. 12, 14 (1957). *Commonwealth* v. *Binnette*, 351 Mass. 704 (1966). No question has been raised as to the warrant's validity. 2. Viewed in the light most favorable to the Commonwealth, the evidence warranted the jury's verdict. See *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54 (1975). That evidence disclosed that three aluminum foil packets containing heroin were found within arm's length of the cash register in Benito's Market and that five empty tin foil packets, two of which had traces of heroin, were found beneath packages of meat in a meat case; that Benito is the defendant's nickname; that a truck bearing the name of the market was parked in front of the defendant's residence at the time of his arrest there on January 9, 1976; that the defendant had paid rent on the premises from the time he had purchased the business in January of 1974; and that his landlord had personally received rent from the defendant and had discussed minor repairs with him. Compare *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 53-54 (1974); *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 656-657 (1974); *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976). Contrast *Commonwealth* v. *Pursley*, 2 Mass. App. Ct. 910 (1975); *Commonwealth* v. *Duffy*, 4 Mass. App. Ct. 655 (1976). Moreover, as the motions for a directed verdict were general motions addressed to the entire charge and as the evidence was sufficient in any event to permit a verdict of guilty of possession of the controlled substance, the defendant was not entitled to a directed verdict. *Commonwealth* v. *Domanski*, 332 Mass. 66, 76 (1954). *Commonwealth* v. *Kalinowski*, 360 Mass. 682, 686 (1971). *Commonwealth* v. *Kennedy*, 4 Mass. App. Ct. 772 (1976). 3. Finally, the defendant claims that the omission of the word "knowingly" from the indictment renders it invalid. Assuming that the issue is properly before us, it is without merit. The inclusion of the words "did unlawfully possess with intent to distribute ..." necessarily imports the element of knowledge. Compare *Commonwealth* v. *Palladino*, 358 Mass. 28 (1970).

*Judgment affirmed.*

*Andrew L. Mandell* (*Conrad W. Fisher* with him) for the defendant.
*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.