COMMONWEALTH *vs.* GEORGE STRICKLAND. February 3, 1981. The defendant appeals from convictions on indictments charging (1) breaking and entering in the daytime with intent to commit a felony and putting persons lawfully therein in fear, G. L. c. 266, § 17, and (2) armed robbery, G. L. c. 265, § 17. A third indictment was placed on file with the defendant's consent, and no appeal has been claimed as to it. The sole issue on appeal concerns a statement volunteered by a police witness in the course of direct examination leading up to his testimony which described the showing of an album from which the defendant's picture had been selected by a victim. The witness, with no question before him, blurted out: "I received information from a reliable informant." No motion to strike was made, and the statement was allowed to stand over the defendant's objection. See *Commonwealth* v. *Welosky*, 276 Mass. 398, 417 (1931), cert. denied, 284 U.S. 684 (1932); *Commonwealth* v. *Early*, 349 Mass. 636, 637 (1965). There was no error.

An unresponsive answer by a witness need not be struck if the evidence contained therein is both competent and relevant. *Commonwealth* v. *McGarty*, 323 Mass. 435, 439-440 (1948). *Commonwealth* v. *Taylor*, 327 Mass. 641, 649 (1951). *Commonwealth* v. *Tucker*, 2 Mass. App. Ct. 328, 331 (1974). The instant answer, while of slight value, was admissible as a statement of fact relevant to account for the victim's having been shown about 2,000 photographs, with negative results. *Commonwealth* v. *Sepulveda*, 6 Mass. App. Ct. 868 (1978). *State* v. *Murphy*, 309 So. 2d 134, 135 (La. 1975). Contrast *Favre* v. *Henderson*, 464 F.2d 359, 361-362 (5th Cir. 1972).

*Judgments affirmed.*

*John C. Ottenberg* for the defendant.

*Carol Anne Fagan*, Legal Assistant to the District Attorney (*Kevin Connelly*, Assistant District Attorney, with her) for the Commonwealth.