COMMONWEALTH *vs.* THEODORE WILSON.

No. 07-P-1566.

Suffolk. June 2, 2008. - August 21, 2008.

Present: LENK, ARMSTRONG, & WOLOHOJIAN, JJ.

*Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,*
    Complaint.

This court vacated the defendant's conviction on a charge of assault and bat-
    tery with a dangerous weapon against the Commonwealth of Massachusetts
    (based on the defendant's car hitting a police cruiser during a chase that
    ensued following a drug sale), because a human victim was a material ele-
    ment of the offense, and thus, the indictment was void; further, because the
    defect in the indictment was jurisdictional, neither the defendant's plea of
    guilty nor the fact that his conviction was entered a decade earlier precluded
    him from challenging the conviction. [416-418]

COMPLAINT received and sworn to in the Dorchester Division
of the District Court Department on December 10, 1997.

A motion to vacate conviction, filed on February 9, 2006,
was heard by *Sydney Hanlon, J.*

*Jonathan Harwell* for the defendant.

*David D. McGowan,* Assistant District Attorney, for the
Commonwealth.

WOLOHOJIAN, J. A complaint charged that the defendant "did,
by means of a dangerous weapon, MOTOR VEHICLE, assault
and beat COMM OF MASS, in violation of G. L. c. 265,
§ 15A." The defendant pleaded guilty to this charge (count E)
and four other charges set forth in the same complaint, all of
which were connected to a drug sale and subsequent police chase
that ended in the defendant's car hitting a police cruiser. This, ap-
parently, was the so-called "battery."[1] The case is now before us

---

[1]But we cannot be certain because more than ten years have passed since
the pleas, and there is no transcript or other record of the facts to which the

on the defendant's appeal from the denial of his motion to vacate his conviction of assault with a dangerous weapon and to dismiss count E of the complaint.

General Laws c. 265 sets forth "Crimes Against the Person," one of which is "assault and battery upon another by means of a dangerous weapon." G. L. c. 265, § 15A(*b*), as appearing in St. 2002, c. 35, § 2.[2] Although assault and battery may be proved by either one of two theories, both require proof of a human being as the victim.[3] A human victim is a material element of the offense.[4]

Article 12 of the Massachusetts Declaration of Rights provides that no one can "be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." "In order to comply with this constitutional mandate, the complaint or indictment must contain a 'plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof.' "[5] *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987), quoting from Mass. R. Crim. P. 4(a), 378 Mass. 849 (1979). An offense must be " 'charged with sufficient clarity to show a violation of law.' " *Commonwealth* v. *Fernandes*, 430 Mass. 517, 520 (1999), cert. denied sub nom.

---

defendant pleaded. The defendant was charged on December 10, 1997, and he entered guilty pleas on February 3, 1998.

[2]The defendant was charged under an earlier version of § 15A(*b*), see St. 1981, c. 678, § 1, but the language quoted was not changed by the subsequent amendment. Thus, although we look to the language of the statute in effect at the time the defendant was charged, the later version of the statute does not affect our analysis.

[3]"Under the first theory, an assault and battery is the intentional and unjustified use of force upon *the person of another*, however slight. Assault and battery may also be proved by the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury *to another*." (Emphases added.) *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997) (quotations and citations omitted).

[4]The crime "expresses society's desire to punish the use of an instrument which is capable of producing serious bodily harm," *Commonwealth* v. *Appleby*, 380 Mass. 296, 306-307 (1980), a societal goal that necessarily subsumes the predicate that the victim not be an entity.

[5]This does not mean that every detail of the offense need be set forth. See G. L. c. 277, § 79, which gives as the model form indictment/complaint for assault and battery: "A.B. did assault and beat C.D." See generally G. L. c. 277, § 33, which lists information that need not be set forth in an indictment or complaint.

*Martinez* v. *Massachusetts*, 530 U.S. 1281 (2000), quoting from *Commonwealth* v. *Green*, *supra* at 566. Accordingly, in the case of assault and battery with a deadly weapon, a complaint or indictment must state that the crime was committed against a person.[6]

There is no crime of assault and battery upon the Commonwealth of Massachusetts. "A conviction on an indictment that charges no crime would be sheer denial of due process." *Commonwealth* v. *Palladino*, 358 Mass. 28, 31 (1970). An indictment charging such an offense is void, not simply voidable, because "[n]o court has jurisdiction to sentence a defendant for that which is not a crime."[7] *Commonwealth* v. *Andler*, 247 Mass. 580, 582 (1924). A jurisdictional defect may be raised at any time, *ibid.*; G. L. c. 277, § 47A, and is not waived by the defendant's guilty plea. *Commonwealth* v. *Clark*, 379 Mass. 623, 626 (1980) (jurisdictional defect not waived by plea). Thus, neither the defendant's plea nor the fact that it was entered a decade ago precludes him from challenging the conviction now.

The order denying the motion to vacate is reversed; the judgment on count E is reversed; and count E of the complaint is dismissed.

*So ordered.*

---

[6] We assume for purposes of this decision that a complaint identifying the victim as a "person," "pedestrian," or "bystander," would be sufficient, without further identifying information. See *Commonwealth* v. *Lengsavat*, 49 Mass. App. Ct. 243, 245 n.5 (2000) (use of word "occupants," rather than names, in indictment charging assault and battery with dangerous weapon was sufficient where defendant shot gun into the air near a group of individually unidentified partygoers).

[7] We reject the Commonwealth's argument that the defect in the complaint was cured by later amendment. There is nothing in the record to support this claim. We also disagree with the Commonwealth's argument that the defendant bore the burden of seeking a bill of particulars if he labored under any confusion as to the offense with which he was charged. Even assuming the defendant bore this burden, a bill of particulars would not have saved the defective complaint. *Commonwealth* v. *Cantres*, 405 Mass. 238, 241 (1989) (a bill of particulars cannot save a defective indictment); *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 198 (1979).