NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1470                                        Appeals Court

COMMONWEALTH  vs.  JAMES C. HARDIN.

No. 14-P-1470.

Suffolk.     September 10, 2015. - December 7, 2015.

Present:  Green, Rubin, & Hanlon, JJ.

Breaking and Entering.  Larceny.  Practice, Criminal, Complaint, Dismissal, Appeal by Commonwealth.  Jurisdiction.

Complaint received and sworn to in the Roxbury Division of the Boston Municipal Court Department on March 19, 2014.

Dismissal of two counts of the complaint was ordered by Franco J. Gobourne, J.

Zachary Hillman, Assistant District Attorney, for the Commonwealth.
Timothy St. Lawrence for the defendant.

GREEN, J.  The Commonwealth and the defendant agree that the grounds on which a judge of the Boston Municipal Court dismissed two counts of the complaint against the defendant were invalid.[1]  The defendant nonetheless contends that the dismissal

_____

[1] The defendant was charged in a four-count complaint. Count 2 alleged breaking and entering a "ship or motor vehicle or vessel" in the daytime with intent to commit a felony, G. L.

should be affirmed, based on his claim (raised for the first time in his appellate brief) that the complaint was deficient on its face. To be specific, the defendant observes that the complaint failed to specify that the vehicles into which the defendant broke and entered, and the property he stole, were owned by someone other than the defendant.[2] Since an element of the crime of breaking and entering is that the defendant broke into property "owned by someone other than the defendant," Commonwealth v. Kalinowski, 360 Mass. 682, 684 (1971), and an element of the crime of larceny is that "the property stolen must be 'the property of another,'" Commonwealth v. Souza, 397 Mass. 236, 238 (1986), quoting from G. L. c. 266, § 30(1) (1984

---

c. 266, § 18. Count 3 alleged larceny of property having a value of $250 or less, G. L. c. 266, § 30. The defendant confessed to police that he had broken into two cars and had taken a stun gun from one of them. His confession was corroborated by the recovery of the stun gun when he was pat frisked, his statement that "times [were] tough," an eyewitness who identified him as the person who had broken into the cars, and the fact that the defendant was covered in glass shards and blood. On that state of affairs the defendant appeared before the judge to enter a guilty plea. After hearing the prosecutor's recitation of the allegations against the defendant during the plea colloquy, the judge concluded, sua sponte, that counts 2 and 3 should be dismissed because they were unsupported by probable cause.

[2] Count 2 of the complaint alleged that the defendant "did in the day time break and enter a ship, motor vehicle or vessel, the property of Known to Commonwealth, with intent to commit a felony . . ." (emphasis added). Similarly, count 3 of the complaint alleged that the defendant "did steal the property of Known to Commonwealth."

ed.), the defendant suggests that the order of dismissal was appropriate. We decline to affirm dismissal on the alternative ground now raised by the defendant, and remand the matter to the Boston Municipal Court for further proceedings consistent with this opinion.

To be sure, "[a]n appellate court is free to affirm a ruling on grounds different from those relied on by the [trial court] judge if the correct or preferred basis for affirmance is supported by the record." Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997). However, we are not required to do so, and we decline in the present circumstances to exercise our discretion to consider in the first instance the alternative ground now suggested by the defendant. Put simply, we see no benefit in the interest either of justice or of judicial economy in sustaining dismissal of counts 2 and 3 of the complaint. The defendant has made no showing that the claimed deficiency caused him any confusion or uncertainty regarding the nature or source of the charges against him.[3] See Commonwealth v. Sullivan, 82 Mass. App. Ct. 293, 297 (2012). Moreover, had the defendant raised at the plea hearing the challenge to the sufficiency of the complaint that he now asserts, it would have been a simple

---

[3] Indeed, as we have noted, see note 1, supra, the dismissal of counts 2 and 3 arose during the defendant's attempt to enter a guilty plea.

matter for the Commonwealth to amend the complaint to address the alleged deficiencies. See Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979). Any dismissal of the complaint based on a facial defect would be without prejudice, see Commonwealth v. Burns, 8 Mass. App. Ct. 194, 198 n.2 (1979), and we are at a loss to discern any benefit to requiring the Commonwealth to file a new complaint when any inadequacies in the existing complaint may be so readily remedied.

Our dissenting colleague suggests that we are compelled to determine the sufficiency of the complaint, because it is a matter of subject matter jurisdiction. We disagree. Of course it is true that, as the dissent observes, a deficiency of subject matter jurisdiction may be raised at any time, and a complaint that fails to state a crime deprives the court of jurisdiction to entertain it. However, that does not mean that we are compelled to consider and determine the sufficiency of the complaint in the circumstances of the present case. In the cases cited by the dissent, the defendant had already been convicted by the time the jurisdictional defect was presented before the reviewing court. See Commonwealth v. Andler, 247 Mass. 580, 581-582 (1924); Commonwealth v. Cantres, 405 Mass. 238, 239-240 (1989). Accordingly, the question before the court in those cases was whether to sustain a conviction based on a legally deficient complaint. More importantly, in our view,

following conviction it was no longer open to the Commonwealth or the court to remedy deficiencies in the form of the complaint.  By contrast, in the present case, the case has not advanced beyond pretrial proceedings.

As we have observed, by raising his claim in the first instance on appeal, the defendant has precluded resort to any such curative measures, were we to consider and determine it. Moreover, though the claim is one of subject matter jurisdiction, by declining to consider it in the first instance we are not entertaining the complaint in its substance, but are simply returning it to the trial court for consideration of the question.

The order dismissing counts 2 and 3 of the complaint is reversed, and the matter is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

So ordered.

RUBIN, J. (dissenting in part and concurring in the judgment in part).  If a charging instrument "fails to state a crime, no court has jurisdiction to entertain it, Commonwealth v. Andler, 247 Mass. 580, 581-582 (1924), and the jurisdictional question may be raised at any time.  See id. at 581." Commonwealth v. Cantres, 405 Mass. 238, 239-240 (1989).  Indeed, "[i]t is the duty of the court to consider such a point of its own motion."  Commonwealth v. Andler, supra at 582.  Thus, while I agree with the majority that the judge's basis for dismissal was in error, I must respectfully dissent from its decision not to address the alternative ground for dismissal put forward by the defendant, to which I turn.

Count 2 alleged that the defendant "did in the day time break and enter a ship, motor vehicle or vessel, the property of Known to Commonwealth, with intent to commit a felony . . ." (emphasis added).  This count failed to allege an essential element of the offense of breaking and entering, G. L. c. 266, § 18, that the defendant broke into property belonging to another person.  With respect to count 2, therefore, this case is controlled in all material respects by Commonwealth v. Wilson, 72 Mass. App. Ct. 416, 418 (2008), and dismissal without prejudice was required.

Count 3 presents a different question.  It charged the defendant with larceny of property having a value of $250 or

less.  The complaint alleged similarly that the defendant "did steal the property of Known to Commonwealth, such property having a value of $250 or less."  See G. L. c. 266, § 30.

At first blush, this count, too, appears to fail to state that the rightful owner of the property was a person other than the defendant, an essential element of the offense.  The defendant's argument to this effect, though, founders upon the shoals of Commonwealth v. Kozlowsky, 238 Mass. 379, 383 (1921) (Kozlowsky), where the Supreme Judicial Court said, "The word 'steal' as used in an indictment has . . . become a term of art and includes the criminal taking of personal property of another with intent to deprive the owner permanently of the use of it.  The words of the indictment at bar [which uses the word 'steal'] . . . in brief and simple form express the meaning that the [property] was not the property of the defendant but was the property of some third person whose name was not stated."  The property-of-another element of the offense, then, is adequately alleged.

What remains is the defendant's argument that the complaint with respect to count 3 failed to comply with G. L. c. 277, § 25, because it neither "allege[d] the name of the [property] owner," nor "describe[d] the property with sufficient certainty in other respects to identify the act."  See Kozlowsky, supra ("[I]f an indictment for a crime [involving] the [commission or]

attempted commission of an injury to property, describes the property with sufficient certainty [in other respects to identify the act], the name of the owner need not be alleged"). However, while the question is not free from doubt -- it may be that the statute was enacted precisely to create an avenue for avoiding what would otherwise be a facially defective indictment, see Commonwealth v. Kalinowski, 360 Mass. 682, 684 (1971) -- I am not persuaded, at least as presently advised, that failure to comply with the statute creates a jurisdictional defect in a charging instrument.  But cf. Kozlowsky, supra at 383 (leaving the question open).  I therefore conclude that we are not required to order the dismissal of count 3, and I agree with the ultimate conclusion of the majority that in these circumstances we ought not exercise our discretionary power to do so.