Rubin, J.
(dissenting in part and concurring in part). If a charging instrument “fails to state a crime, no court has jurisdiction to *684 entertain it, Commonwealth v. Andler, 247 Mass. 580, 581-582 (1924), and the jurisdictional question may be raised at any time. See id. at 581.” Commonwealth v. Cantres, 405 Mass. 238, 239-240 (1989). Indeed, “[i]t is the duty of the court to consider such a point of its own motion.” Commonwealth v. Andler, supra at 582. Thus, while I agree with the majority that the judge’s basis for dismissal was in error, I must respectfully dissent from its decision not to address the alternative ground for dismissal put forward by the defendant, to which I turn.
Count 2 alleged that the defendant “did in the day time break and enter a ship, motor vehicle or vessel, the property of Known to Commonwealth, with intent to commit a felony .. .” (emphasis added). This count failed to allege an essential element of the offense of breaking and entering, G. L. c. 266, § 18, that the defendant broke into property belonging to another person. With respect to count 2, therefore, this case is controlled in all material respects by Commonwealth v. Wilson, 72 Mass. App. Ct. 416, 418 (2008), and dismissal without prejudice was required.
Count 3 presents a different question. It charged the defendant with larceny of property having a value of $250 or less. The complaint alleged similarly that the defendant “did steal the property of Known to Commonwealth, such property having a value of $250 or less.” See G. L. c. 266, § 30.
At first blush, this count, too, appears to fail to state that the rightful owner of the property was a person other than the defendant, an essential element of the offense. The defendant’s argument to this effect, though, founders upon the shoals of Commonwealth v. Kozlowsky, 238 Mass. 379, 383 (1921) (Kozlowsky), where the Supreme Judicial Court said, “The word ‘steal’ as used in an indictment has . . . become a term of art and includes the criminal taking of personal property of another with intent to deprive the owner permanently of the use of it. The words of the indictment at bar [which uses the word ‘steal’] ... in brief and simple form express the meaning that the [property] was not the property of the defendant but was the property of some third person whose name was not stated.” The property-of-another element of the offense, then, is adequately alleged.
What remains is the defendant’s argument that the complaint with respect to count 3 failed to comply with G. L. c. 277, § 25, because it neither “allege[d] the name of the [property] owner” nor “describe[d] the property with sufficient certainty in other respects to identify the act.” See Kozlowsky, supra (“[I]f an *685 indictment for a crime [involving] the [commission or] attempted commission of an injury to property, describes the property with sufficient certainty [in other respects to identify the act], the name of the owner need not be alleged”)- However, while the question is not free from doubt — it may be that the statute was enacted precisely to create an avenue for avoiding what would otherwise be a facially defective indictment, see Commonwealth v. Kalinowski, 360 Mass. 682, 684 (1971) — lam not persuaded, at least as presently advised, that failure to comply with the statute creates a jurisdictional defect in a charging instrument. But cf. Kozlowsky, supra at 383 (leaving the question open). I therefore conclude that we are not required to order the dismissal of count 3, and I agree with the ultimate conclusion of the majority that in these circumstances we ought not exercise our discretionary power to do so.