NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12067

COMMONWEALTH  vs.  JAMES C. HARDIN.


December 6, 2016.


Breaking and Entering.  Larceny.  Practice, Criminal, Complaint,
     Dismissal, Appeal by Commonwealth.  Jurisdiction, Felony.


     In a four-count complaint, James C. Hardin was charged with
(1) malicious destruction of property having a value over $250,
(2) breaking and entering a motor vehicle in the daytime with
intent to commit a felony, (3) larceny of property having a
value of $250 or less, and (4) possession of a class B
controlled substance.  A judge in the Boston Municipal Court
accepted Hardin's guilty plea as to counts 1 and 4, charging
malicious destruction and drug possession, and dismissed counts
2 and 3, charging breaking and entering and larceny, for lack of
probable cause.  The Commonwealth appealed.  In a divided
opinion, the Appeals Court reversed the dismissal of these
counts.  Commonwealth v. Hardin, 88 Mass. App. Ct. 681 (2015).
We allowed Hardin's application for further appellate review.
We agree that these counts of the complaint should be
reinstated, but on grounds different from those relied on by the
Appeals Court.

     As he did before the Appeals Court, Hardin concedes that
probable cause existed to support the two counts at issue.  He
argues, however, that the dismissal should be affirmed on
alternative grounds.  See, e.g., Commonwealth v. Va Meng Joe,
425 Mass. 99, 102 (1997) ("[a]n appellate court is free to
affirm a ruling on grounds different from those relied on by the
[plea] judge if the correct or preferred basis for affirmance is
supported by the record").  Specifically, Hardin argues that the
challenged counts of the complaint failed to allege a cognizable
criminal act and that the breaking and entering count failed to

allege an essential element of the offense, namely, that Hardin broke and entered into the motor vehicle of another person. Instead, the complaint alleges that he "did . . . break and enter a . . . motor vehicle . . . , the property of Known to Commonwealth."[1]  Hardin's argument that the complaint fails to state a crime raises an issue of subject matter jurisdiction, which may be raised at any time, Commonwealth v. Cantres, 405 Mass. 238, 239-240 (1989), and which cannot be waived. Commonwealth v. Canty, 466 Mass. 535, 547 (2013), citing Commonwealth v. Palladino, 358 Mass. 28, 31 (1970).  It is the court's duty to consider a challenge to its jurisdiction whenever it is raised, and even to consider such an issue on its own motion.[2]  See Commonwealth v. Andler, 247 Mass. 580, 582 (1924), and cases cited (dismissing complaint sua sponte after conviction, where "the complaint set[] forth no crime known to the law . . . . No court has jurisdiction to sentence a defendant for that which is not a crime").

The complaint was adequate to charge Hardin with each offense and to establish jurisdiction in the Boston Municipal Court.  "[A] complaint shall contain a caption as provided by law, together with a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof."  Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979).  A charging instrument must "provide a defendant with fair notice of the crime with which he is charged."  Canty, supra at 547, citing Commonwealth v. Dixon, 458 Mass. 446, 456 (2010).  "A

---

[1] The larceny count similarly alleges that Hardin "did steal the property of Known to Commonwealth."  Hardin concedes that this is adequate to allege that the property belonged to another person, as implied by the term "steal."  See Commonwealth v. Hardin, 88 Mass. App. Ct. 681, 684 (2015) (Rubin, J., dissenting in part and concurring in part).

[2] In this regard, we observe that the malicious destruction count, to which Hardin pleaded guilty, also alleges that Hardin destroyed the property of "Known to Commonwealth."  If such language rendered the breaking and entering count jurisdictionally defective, the malicious destruction count would suffer from the same defect.  See G. L. c. 266, § 127 ("Whoever destroys or injures the personal property, dwelling house or building of another . . . " [emphasis added]). Hardin's guilty plea does not waive any jurisdictional defect. See, e.g., Commonwealth v. Canty, 466 Mass. 535, 546-547, 548 (2013); Commonwealth v. Wilson, 72 Mass. App. Ct. 416 (2008) (dismissing complaint ten years after guilty plea).

complaint or indictment will not be dismissed . . . 'if the offense is charged with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him.'"  Canty, supra, quoting Commonwealth v. Fernandes, 430 Mass. 517, 519-520 (1999), cert. denied sub nom. Martinez v. Massachusetts, 530 U.S. 1281 (2000).  See G. L. c. 277, § 34 ("An indictment shall not be dismissed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description or information that might be obtained by requiring a bill of particulars").[3]  Read in a reasonable, commonsense manner, counts 2 and 3 meet these standards by alleging in plain language that Hardin broke and entered a motor vehicle with intent to commit a felony and that he stole property.[4]  Each count also refers to the statute Hardin allegedly violated, providing further notice of the nature of the charges against him.  Moreover, no reasonable person would understand count 2 as alleging that Hardin broke and entered his

---

[3] Although G. L. c. 277, § 34, refers only to an "indictment," we treat it and like statutes as applying equally to a complaint.  See Canty, 466 Mass. at 547, quoting Commonwealth v. Fernandes, 430 Mass. 517, 519-520 (1999), cert. denied sub nom. Martinez v. Massachusetts, 530 U.S. 1281 (2000) ("A complaint or indictment will not be dismissed . . . 'if the offense is charged with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him'" [emphasis added]).  Cf. Commonwealth v. Palladino, 358 Mass. 28, 30 n.2 (1970) ("While [G. L. c. 277, § 17 (since repealed by St. 1979, c. 344, § 33)], speaks of an 'indictment[,]' it has been treated as applying equally to a complaint").

[4] The complaint does not specify either the property that was stolen or broken into or the owner of the property.  See G. L. c. 277, § 25 ("If an indictment for a crime involving the commission . . . of an injury to property describes the property with sufficient certainty in other respects to identify the act, it need not allege the name of the owner").  The Commonwealth urges that the complaint is nonetheless sufficient "to identify the act" and thus is in compliance with § 25.  We need not resolve this issue.  In the circumstances of this case, any lack of specificity does not warrant dismissal, as it could be cured by means of a bill of particulars.  G. L. c. 277, § 34.  See Canty, 466 Mass. at 548.

own property.  There is no basis to dismiss the complaint for lack of jurisdiction.

Commonwealth v. Wilson, 72 Mass. App. Ct. 416 (2008), is not to the contrary.  In that case, the complaint charged that the defendant "did, by means of a dangerous weapon, MOTOR VEHICLE, assault and beat COMM OF MASS [sic], in violation of G. L. c. 265, § 15A."  Id. at 416.  The complaint was defective because the crime of assault and battery, as a crime against the person, requires a human victim.  Id. at 417.  The Commonwealth of Massachusetts is not capable of being the victim of an assault and battery.  The complaint in Wilson did not state a crime, as "[t]here is no crime of assault and battery upon the Commonwealth of Massachusetts."  Id. at 418.  Here, in contrast, the offenses in question are crimes against property.  G. L. c. 266, §§ 18 and 30.  Any property owner, human or otherwise, is capable of being the victim of such an offense.  Each count of the complaint, while awkward, is adequate to allege that the victim of each offense was a property owner whose identity is known to the Commonwealth.[5]

The order dismissing counts 2 and 3 of the complaint is reversed, and the matter is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

So ordered.

Timothy St. Lawrence for the defendant.
Zachary Hillman, Assistant District Attorney, for the Commonwealth.

---

[5] Although we conclude that the complaint was adequate in this case, the "Known to Commonwealth" language has unfortunately resulted in doubt and confusion.  We trust that, going forward, the Commonwealth will use more straightforward language in its complaints, for example, by using the alleged victim's name or a phrase such as "another person."