## COMMONWEALTH *vs.* FRANKLIN E. BARNES & another.

Worcester. Oct. 4, 1881. — Feb. 1, 1882. C. ALLEN, J., absent.

An indictment against A. and B. alleged that, on a day named, A. was the owner of certain goods and chattels of a stated value, contained in a dwelling-house occupied by him; that, on that day, he was also the owner of a good and valid policy of insurance issued to him by a certain company, by the terms of which said goods and chattels were insured to him until a certain day, against loss or damage by fire to an amount stated; that, on the day first named, the defendants unlawfully and fraudulently conspired together to remove said goods and chattels from A.'s house, and to secrete and conceal the same, so that A. might thereafter falsely and fraudulently obtain and acquire to himself from the insurance company the sum of money for which the goods were insured, by causing the house to be destroyed by fire and by thereafter falsely and fraudulently pretending to the insurance company that said goods and chattels had been burned with the house; and that, in pursuance of and according to said conspiracy, the defendants, on a day named, removed said goods and chattels from A.'s house, and concealed and secreted the same in B.'s barn. *Held*, that the indictment did not sufficiently allege a conspiracy to do an act for the purpose of aiding A. to commit a felony.

INDICTMENT in two counts, against Franklin E. Barnes and Sylvester A. Stockwell, alleging that, on March 10, 1881, Barnes was the owner of certain goods and chattels of a stated value, contained in a dwelling-house in Sutton occupied by him; that, on that day, he was also the owner of a good and valid policy of insurance issued to him by a certain company, by the terms of which said goods and chattels were insured to him until April 10, 1885, against loss or damage by fire to an amount stated; that, on said March 10, the defendants unlawfully and fraudulently conspired together to remove said goods and chattels from Barnes's house, and to secrete and conceal the same, so that Barnes might thereafter falsely and fraudulently obtain and acquire to himself from the insurance company the sum of money for which the goods were insured, by causing the house to be destroyed by fire and by thereafter falsely and fraudulently pretending to the insurance company that said goods and chattels had been burned with the house; and that, in pursuance of and according to said conspiracy, the defendants, on March 14, 1881, removed said goods and chattels from Barnes's house, and concealed and secreted the same in Stockwell's barn in Sutton.

At the trial in the Superior Court, before *Bacon*, J., the defendants seasonably filed a motion to quash the indictment. The judge overruled the motion. The defendants were then tried, and found guilty; and the questions of law arising upon the motion so overruled, being in the opinion of the judge so important and doubtful as to require the decision of this court, were reported, with the consent of the defendants, for its determination.

*J. Hopkins*, for the defendants.

*G. Marston*, Attorney General, for the Commonwealth.

W. ALLEN, J. The indictment charges a conspiracy to remove and secrete the goods of Barnes. This is, in itself, a lawful act, and the Commonwealth must rely upon the unlawful purpose alleged to show that the conspiracy was criminal. *Commonwealth* v. *Judd*, 2 Mass. 329.

The purpose alleged is, that Barnes might obtain money from the insurance company by false pretences to be made by him. The allegation intended to be made is, not that the purpose of the conspiracy was to defraud the company, but to abet Barnes in doing so. The unlawful purpose relied on is not the purpose to commit the felony, but to aid Barnes in carrying out his purpose to commit it. An act which makes the one who commits it an accessory before the fact to a felony is an unlawful act, and a conspiracy to do such an act is a conspiracy to do an unlawful act, and indictable. We have no doubt that an indictment properly alleging a conspiracy to do an act for the purpose of inducing a person to commit a felony, or of aiding him in committing it, would be a good indictment. The question here is, whether this indictment sufficiently alleges such a purpose; and we think it does not. There is no allegation that the defendants knew that Barnes owned the goods, or that they were insured. If it can be inferred that Barnes had such knowledge, no such inference can be drawn as to the defendant Stockwell, nor as to the defendants jointly as the parties to the conspiracy and the indictment. There is no allegation that Barnes intended to commit the felony, or that the defendants believed that he had such intention. The question is not what purpose or knowledge might be inferred against Barnes if he was sole defendant, but what allegations are made as to the defendants jointly. In this

respect . the indictment is to be construed as if the purpose alleged was to aid a third person in the commission of the crime. An allegation that A. and B. conspired to do an act so that C. might and should commit a felony, cannot be held to be a sufficient allegation that C. intended to commit the felony, or that A. and B. believed that he had that intention, or that the purpose of the act was to induce him to commit it, or to abet him in its perpetration. These are material allegations, which must be fully and formally alleged.                 *Verdict set aside.*