COMMONWEALTH *vs.* HUGH DOWNEY & others.

Middlesex.  October 1, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Conspiracy. Bribery. Pleading, Criminal,* Indictment.

An indictment against four defendants, two of whom were police officers, charging that the defendants "did conspire together to commit thereafter from time to time and on different occasions as opportunity therefor should offer, and not at any times then particularly set and fixed, the crime of corruptly requesting of . . . [a named person] a gift or gratuity, with an understanding that the . . . [defendant police officers] would abstain from performing an act coming within the course of their duty as such," sufficiently set forth the crime of conspiracy to violate G. L. (Ter. Ed.) c. 268, § 8A.

INDICTMENT, found and returned on September 14, 1932, against Hugh Downey, John Sousa, William Conole, and William Eagan.

The indictment is described in the opinion. It was tried in the Superior Court before *Beaudreau,* J. There was a verdict of guilty as to each defendant. The defendants alleged exceptions.

*T. H. Mahony,* (*E. J. Tierney* with him,) for the defendant Downey.

No argument nor brief for the defendants Sousa, Conole and Eagan.

*W. L. Bishop*, District Attorney, & *F. A. Crafts*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J.   The indictment charges that the four defendants "did conspire together to commit thereafter from time to time and on different occasions as opportunity therefor should offer, and not at any times then particularly set and fixed, the crime of corruptly requesting of Joseph Hamilton a gift or gratuity, with an understanding that the said William Conole and William Eagan, police officers of the town of Dracut, would abstain from performing an act coming within the course of their duty as such police officers of the town of Dracut."   At the time of the alleged offence the defendants Eagan and Conole were police officers of the town, and were the only police officers named in the indictment; the defendant Downey was an attorney at law, and the defendant Sousa was a restaurant keeper.   The only questions sought to be raised are the jurisdiction of the court to try the offence charged, and the sufficiency of the indictment to charge a crime.   It is recited in the record that no question is raised as to the sufficiency of the evidence to support the indictment if it is legally sufficient.   At the close of the testimony the defendants moved in writing that the judge direct verdicts of not guilty.   The motions were denied subject to the defendants' exceptions.   The jury returned a verdict of guilty as to each defendant.   Thereafter each defendant filed a motion in arrest of judgment, assigning as reasons therefor that the court had no jurisdiction of the alleged offence sought to be charged in the indictment, and that it failed to charge any offence cognizable at common law or by statute. These motions were denied and the defendants excepted.

The indictment plainly alleges a conspiracy to violate G. L. (Ter. Ed.) c. 268, § 8A.   In a charge of conspiracy "the conspiracy is the gist of the crime, and certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."   *Williamson* v. *United*

*States,* 207 U. S. 425, 447. It is the contention of the defendants that the indictment is fatally defective because the crime which it intends to charge is conspiracy "to become accessories before the fact" to bribery. They rely upon the case of *Commonwealth* v. *Barnes,* 132 Mass. 242, to sustain their contention. That case was decided in the year 1882 and before St. 1899, c. 409, entitled "An Act to provide for the simplification of criminal pleadings," was enacted (now G. L. [Ter. Ed.] c. 277). It is provided in § 34 of c. 277 as follows: "An indictment shall not be quashed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defence; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars under section forty." Section 40 of the same chapter provides that the judge may order the prosecution to file a statement of such particulars as may be necessary to give the defendant and the judge reasonable knowledge of the nature and grounds of the crime charged. It was said in *Commonwealth* v. *Barnes,* 132 Mass. 242, at page 243: "An act which makes the one who commits it an accessory before the fact to a felony is an unlawful act, and a conspiracy to do such an act is a conspiracy to do an unlawful act, and indictable. We have no doubt that an indictment properly alleging a conspiracy to do an act for the purpose of inducing a person to commit a felony, or of aiding him in committing it, would be a good indictment." If the defendants did not have reasonable knowledge of the nature of and grounds of the crime charged they could have requested further particulars under G. L. (Ter. Ed.) c. 277, § 40. The indictment in the present case specifically alleges a conspiracy to solicit bribes under G. L. (Ter. Ed.) c. 268, § 8A. The motions filed by the defendants could not properly have been granted. There is nothing inconsistent with this conclusion in *Commonwealth* v. *Barnes,* 132 Mass. 242. In *Commonwealth* v. *Smith,* 163 Mass. 411, an indictment charging conspiracy to bribe framed in much the same language as the indictment herein considered was held sufficient.

*Exceptions overruled.*