COMMONWEALTH *vs.* JOHN J. SOULE. January 17, 1979. The defendant was indicted for and convicted, in a jury trial, of assault and battery by means of a dangerous weapon, unlawfully carrying a firearm, and unlawful conspiracy to violate the Controlled Substances Act. G. L. c. 94C. He appeals pursuant to G. L. c. 278, §§ 33A-33G. 1. The defendant moved to dismiss the indictment charging him with conspiracy to violate the provisions of G. L. c. 94C, on the ground that the indictment failed to charge him with a substantive crime. This motion was properly denied. The indictment, together with the bill of particulars filed by the Commonwealth alleging time, place, manner and means, described the offense charged "fully, plainly, substantially and formally," with as much certainty as the known circumstances of the case would permit. See *Commonwealth v. Burke,* 339 Mass. 521, 523 (1959); *Commonwealth* v. *Gallo,* 2 Mass. App. Ct. 636, 638-639 (1974); *Commonwealth* v. *Gill,* 5 Mass. App. Ct. 337, 338-339 (1977). The defendant argues, however, that since the punishment for conspiracy to violate any provision of c. 94C "shall not exceed the maximum punishment described for the offense, the commission of which was the object of the conspiracy" (G. L. c. 94C, § 40, inserted by St. 1971, c. 1071, § 1), an allegation of a substantive violation of c. 94C is required in an indictment for conspiracy to violate that chapter. Without such allegation, he argues, he was not put on notice of the possible sentence that could be imposed upon him, nor could the judge have any basis upon which to sentence him. We are not persuaded by this argument. The gravamen of the conspiracy offense is the unlawful agreement, "the unlawful confederacy to do an unlawful act, or even a lawful act for unlawful purposes . . . ." *Commonwealth* v. *Judd,* 2 Mass. 329, 336 (1807). *Commonwealth* v. *Chagnon,* 330 Mass. 278, 280 (1953). An indictment for conspiracy need state the object of the conspiracy only with the certainty necessary to establish the unlawful

common intent and to identify the offense which the perpetrators conspired to commit. *Commonwealth* v. *Downey*, 288 Mass. 147, 148 (1934), citing *Williamson* v. *United States*, 207 U.S. 425, 447 (1908). The defendant could have requested further particulars which would have apprised him of the alleged controlled substance involved and, therefore, the applicable penalty. See G. L. c. 277, §§ 34, 40. See *Commonwealth* v. *Downey*, supra at 149; *Commonwealth* v. *Welch*, 345 Mass. 366, 369 (1963); *Commonwealth* v. *Mitchell*, 350 Mass. 459, 465 n.6 (1966); *Commonwealth* v. *Valleca*, 358 Mass. 242, 244 (1970). 2. We find nothing in the record to substantiate the defendant's claim of error in the judge's denial of the defendant's motion to sequester witnesses. Under our well settled rule, sequestration of witnesses is left to the sound discretion of the trial judge. *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 748 (1975), and cases cited therein. 3. The admission in evidence of the police identification photograph of the defendant in the double pose or "mug shot" format was not erroneous. The photograph was "sanitized" to the extent possible by the judge's action in cutting all police markings from the photograph at a bench conference out of the hearing of the jury. See *Commonwealth* v. *Cobb*, 374 Mass. 514, 523 (1978). The judge promptly and clearly instructed the jury to draw no adverse inference against the defendant from the sanitized photograph. Rather than reinforcing the potentially prejudical effect of the photograph upon the jury, as the defendant argues, the judge's instruction served as an adequate safeguard against the risk that the jury would give the photograph any effect other than as corroborative evidence of identification. See *Commonwealth* v. *Gerald*, 356 Mass. 386, 388 (1969); *Commonwealth* v. *McCants*, 3 Mass. App. Ct. 596, 598 (1975). 4. There was no error in the judge's denial of the defendant's motion for a mistrial made after a prosecution witness refused to answer three questions posed by defense counsel, the witness stating that he feared for himself and his family. These expressions of fear did not appear to be related in any way to the defendant. In these circumstances, it was a proper exercise of the judge's discretion to deny the motion. See, e.g., *Commonwealth* v. *Flynn*, 362 Mass. 455, 470-471 (1972).

*Judgments affirmed.*

*Martin W. Fisher* for the defendant.
*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.