## COMMONWEALTH *vs.* JOSE CANTRES.

Middlesex.  April 3, 1989. — June 22, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Indictment, Bill of particulars. *Constitutional Law,* Indictment. *Conspiracy. Controlled Substances. Evidence,* Conspiracy, Expert opinion, Identification of inanimate object, Opinion, Scientific test.

An indictment alleging that "[the defendant] did conspire with [another] to violate the Controlled Substance[s] Act," without identifying the substantive crime that was the object of the conspiracy, satisfied the requirements of art. 12 of the Massachusetts Declaration of Rights. [239-241]

In a conspiracy case, the judge's denial of the defendant's oral request for a bill of particulars, made on the day of trial, even if error, was harmless where the defendant was fully aware, as a result of pretrial discovery, of what the Commonwealth's case would be. [241-242]

The so-called "Wharton's Rule," providing a judicial presumption that an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as necessarily to require the participation of two persons for its commission, did not apply to a prosecution under G. L. c. 94C, § 40, for conspiracy to distribute controlled substances in view of the Legislature's express concern about the special dangers posed by such conspiracies. [242-243]

Evidence at a conspiracy trial bearing on certain earlier repeated and interrelated conduct of the defendant and another dealing with heroin was sufficient to warrant a finding beyond a reasonable doubt that the defendant conspired with the other to distribute heroin, and it was unnecessary for the Commonwealth to introduce evidence that the substance actually delivered by the defendant to the other pursuant to the conspiracy was heroin. [243-247]

INDICTMENT found and returned in the Superior Court Department on July 2, 1987.

The case was heard by *Robert A. Barton*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas P. Elias* for the defendant.

*LaDonna J. Hatton*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. A District Court judge found probable cause on a complaint alleging that the defendant "did conspire with Philip A. DeMarco to violate the provisions of G. L. c. 94C [Controlled Substances Act], to wit: Distribution of Heroin, in violation of G. L. c. 94C, § 40." A grand jury subsequently indicted the defendant. The indictment stated that, "Jose Cantres did conspire with Philip DeMarco to violate the Controlled Substance Act." The specific violation of the Controlled Substances Act contemplated by the conspiracy was not specified. After discovery, including the Commonwealth's furnishing the defendant with relevant police reports and a tape recording of the probable cause hearing, the case was tried before a judge without a jury. On the day of the trial, the defendant orally requested a bill of particulars. That request was denied. At the close of the Commonwealth's case, and again at the close of all the evidence, the defendant moved for a required finding of not guilty. On each occasion, the motion was denied. The defendant was found guilty and was sentenced to a term of from eight to ten years at the Massachusetts Correctional Institution at Cedar Junction. He now appeals the conviction. We transferred the appeal to this court on our own motion. We affirm.

Article 12 of the Massachusetts Declaration of Rights provides that "[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him . . . ." The defendant claims that he was denied his rights under art. 12 because the indictment did not allege the specific substantive violation of c. 94C that he was charged with conspiracy to commit and, in addition, his motion for particulars was denied. The defendant claims that he was neither put on notice of what he had done nor of the sentence that might be imposed on him.

It is true, as the defendant argues, that, "[i]f an indictment fails to allege any fact necessary to constitute an offence, even statutory, it is defective." *Commonwealth* v. *Bracy*, 313 Mass. 121, 124 (1943). It is also true that, if an indictment fails to

state a crime, no court has jurisdiction to entertain it, *Commonwealth* v. *Andler*, 247 Mass. 580, 581-582 (1924), and the jurisdictional question may be raised at any time. See *id.* at 581. "In order to comply with [art. 12], the complaint or indictment must contain a 'plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof.' Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979)." *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987).

In *Commonwealth* v. *Soule*, 6 Mass. App. Ct. 973, 973-974 (1979), the Appeals Court considered an indictment that is indistinguishable in any material way from the indictment in the instant case. In *Soule, supra*, the indictment was for "unlawful conspiracy to violate the Controlled Substances Act[,] G. L. c. 94C." The defendant moved to dismiss the indictment on the same ground as the one the defendant relies on here, that is, that the indictment failed to identify the substantive crime that was the object of the conspiracy. That defendant argued, as does the present defendant, that, since the punishment for conspiracy to violate any provision of c. 94C "shall not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy" (G. L. c. 94C, § 40, inserted by St. 1971, c. 1071, § 1), the failure of the indictment to specify which substantive violation the defendant conspired to commit left the defendant without notice of the possible sentence that could be imposed on him. The Appeals Court rejected that argument, reasoning that, "[t]he gravamen of the conspiracy offense is the unlawful agreement, 'the unlawful confederacy to do an unlawful act, or even a lawful act for unlawful purposes . . . .' An indictment for conspiracy need state the object of the conspiracy only with the certainty necessary to establish the unlawful common intent and to identify the offense which the perpetrators conspired to commit." (Citations omitted.) *Soule, supra* at 973-974. By implication, the court ruled that an allegation of conspiracy to violate the Controlled Substances Act was adequate identification of the object of the conspiracy. The holding in *Soule* was that an indictment such as the one in issue, whether or not supplemented by particulars, satisfies art. 12 of the Massachusetts

Declaration of Rights. The agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means is the essence of conspiracy and must be alleged in the indictment. *Commonwealth* v. *Chagnon*, 330 Mass. 278, 280 (1953). *Commonwealth* v. *Hunt*, 4 Met. 111, 123 (1842). The object crime, while important, is secondary, and need not be described with the particularity for which the defendant contends.

The defendant argues that *Commonwealth* v. *Soule, supra,* does not control this case because in *Soule,* unlike here, the Commonwealth filed a bill of particulars. It is clear, however, that the Appeals Court did not reason in *Soule* that the particulars filed there elevated a defective indictment to a valid one. Particulars cannot save a defective indictment. *Commonwealth* v. *Ries,* 337 Mass. 565, 580 (1958). Rather, the teaching of *Soule,* with which we agree, is that a valid indictment need not notify the defendant of the sentencing possibilities to which he is exposed except in a general way.

A timely request for particulars is an appropriate way to generate notice with respect to the substantive violation contemplated by the conspiracy and therefore the precise sentence exposure. Indeed, G. L. c. 277, § 38 (1986 ed.), provides: "In a prosecution under any provisions of chapter ninety-four C, for unlawfully manufacturing, dispensing or distributing a controlled substance . . . the defendant shall be entitled to a bill of particulars." It is unclear whether the defendant argues that, even if the indictment met constitutional requirements, the indictment should nevertheless be dismissed because his motion for particulars was denied. If such an argument is made, we reject it for several reasons. Since the indictment was valid, the absence of particulars is not jurisdictional. The defendant did not move in the trial court for dismissal of the indictment. It is too late, except on jurisdictional grounds, to seek dismissal for the first time in this court. Furthermore, G. L. c. 277, § 38, does not literally apply to prosecutions for conspiracy. In addition, it is questionable whether § 38 should be construed as entitling a defendant to particulars when the first request therefor is not made until the day of trial. In any event, even if

the judge's denial of the defendant's last minute request for particulars be deemed erroneous, the error was harmless. As a result of the pretrial discovery described above, the defendant was fully aware before trial that the thrust of the Commonwealth's case would be what it turned out to be, namely, that the defendant and DeMarco conspired to distribute heroin. See *Commonwealth* v. *Baker*, 368 Mass. 58, 77 (1975); *Commonwealth* v. *Williams*, 8 Mass. App. Ct. 283, 286 (1979).

The defendant's next argument on appeal is that the trial judge erred in failing to apply "Wharton's Rule." Wharton's Rule provides "that an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as necessarily to require the participation of two persons for its commission." *Commonwealth* v. *Schoening*, 379 Mass. 234, 241 (1979), quoting *Commonwealth* v. *Favulli*, 352 Mass. 95, 108-109 (1967). See *United States* v. *Previte*, 648 F.2d 73, 76-77 (1st Cir. 1981). The defendant argues that distribution of heroin requires two persons, and that therefore, he cannot be prosecuted for conspiracy with one other person to commit that crime. We have not yet had occasion to determine whether Wharton's Rule is generally applicable in the Commonwealth, and we do not determine that question today. See *Schoening, supra.* We do, however, conclude that the rule will not apply to prosecutions for conspiracy to distribute controlled substances.

Even if it is generally applicable in the Commonwealth, Wharton's Rule has "vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." *Iannelli* v. *United States*, 420 U.S. 770, 782 (1975). With reference to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. §§ 801 et seq.), the United States Court of Appeals for the Second Circuit has concluded that "[t]he structure and legislative history of the drug abuse act provide persuasive evidence that, because of the special dangers which conspiracies to distribute controlled drugs pose to society, Congress did intend that a conspiracy to violate the Act should constitute a separate crime in addition to the substantive offense." *United States* v. *Bommarito*, 524 F.2d 140, 143-

144 (2d Cir. 1975). That court noted that § 406 of the Federal Act "makes it a crime to conspire 'to commit *any* offense defined in this subchapter' " (emphasis in original). *Id.*, quoting 21 U.S.C. § 846. The court reasoned that "[t]he all-inclusive language of § 846 is not accidental but rather is consistent with the Act's overall aim of strengthening remedies available against organized traffic in drugs while lessening penalties for possession of drugs for personal use. . . . In view of Congress' obvious concern with the dangers posed by organized schemes to distribute drugs . . . we believe that if it had intended to restrict the scope of § 846 through the application of Wharton's Rule, it would have done so explicitly." *Id.* at 144.

We may apply the same analysis to the construction of the Massachusetts statute. General Laws c. 94C, § 40, makes it a crime to conspire with another "to violate *any* provision of [the Controlled Substances Act]" (emphasis added). Thus, we may presume that the Massachusetts Legislature "was equally as concerned about the special dangers that conspiracies to distribute controlled drugs pose to [Massachusetts] citizens as was Congress with respect to the federal statute." *State* v. *Erickson*, 315 N.W.2d 332, 334-335 (S.D. 1982). We conclude that if the Legislature had intended to use the principles embodied in Wharton's Rule to foreclose prosecution of conspiracy to violate the Controlled Substances Act where the object crime was distribution of a controlled substance, it would have explicitly so stated.

Finally, the defendant argues that the Commonwealth failed to prove his intent, and therefore agreement, to commit the object crime, distribution of heroin, because there was insufficient evidence to prove beyond a reasonable doubt that the substance delivered by the defendant to DeMarco was actually heroin. He contends, therefore, that the judge improperly denied his motion, and his renewed motion, for a required finding of not guilty. The defendant's argument is constructed on the incorrect premise that, in order to prove conspiracy to distribute heroin, it was necessary for the Commonwealth to introduce evidence that the substance actually delivered by the defendant to DeMarco pursuant to the conspiracy was heroin. The Com-

monwealth's case might have been strengthened had it been able to show that the delivered substance was heroin, but it was not required to do so. "The heart of a conspiracy is the formulation of the unlawful agreement or combination. *Attorney Gen.* v. *Tufts*, 239 Mass. 458, 493-494 (1921). The law of the Commonwealth does not require an overt act to complete a conspiracy. *Commonwealth* v. *Harris*, 232 Mass. 588, 591 (1919)." *Commonwealth* v. *Pero*, 402 Mass. 476, 478 (1988). The Commonwealth must prove, however, "that the defendants combined with the intention to [commit the object crime]," *Commonwealth* v. *Zakas*, 358 Mass. 265, 269 (1970), and "the evidence and inferences permitted to be drawn therefrom must be 'of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt.' " *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting *Commonwealth* v. *Cooper*, 264 Mass. 368, 373 (1928).

"A conspiracy may be proved by circumstantial evidence, and this is the usual mode of proving it, since it is not often that direct evidence can be had. The acts of different persons who are shown to have known each other, or to have been in communication with each other, directed towards the accomplishment of the same object, especially if by the same means or in the same manner, may be satisfactory proof of a conspiracy." *Commonwealth* v. *Beneficial Fin. Co.*, 360 Mass. 188, 251 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts*, 407 U.S. 910 (1972), and sub nom. *Beneficial Fin. Co.* v. *Massachusetts*, 407 U.S. 914 (1972), quoting *Attorney Gen.* v. *Tufts*, *supra* at 494.

The evidence in this case bearing on the earlier repeated and interrelated conduct of the defendant and DeMarco was sufficient to warrant a finding beyond a reasonable doubt that the defendant conspired with DeMarco to distribute heroin. DeMarco testified, frequently over objection, as follows: On February 18, 1987, he went to Shaughnessy Terrace in Lowell to purchase heroin. He was a heroin addict at that time and had purchased heroin there many times before. He had purchased heroin from the defendant on at least ten previous occasions between the end of 1986 and February 18, 1987. The heroin was

always wrapped in different colors of plastic and DeMarco would pay $30 for each "bag." After he purchased the heroin, he would "shoot it" and "get high." He experienced the same physical reaction from using the substance he bought from the defendant on prior occasions as he had experienced from using other "articles" which he believed were heroin, and which he bought from other people. When asked how many times he purchased substances which he believed to be heroin and how many times he experienced the feeling he expected from using that substance, he replied, "[t]housands."

DeMarco testified that, on the date in question, he got out of his automobile, approached the defendant, and asked him how many bags he had left. The defendant told him he had two bags. DeMarco then gave the defendant $60, and the defendant handed DeMarco what DeMarco believed to be two bags of heroin. They were packaged in olive green plastic. DeMarco then testified that he returned to his automobile, which was driven away by another person. DeMarco stated that five minutes later he noticed a police car behind him, at which time he placed the two plastic bags in his mouth and swallowed them. He said that the vehicle was then in an accident, after which he was arrested and charged with conspiracy to possess heroin. He subsequently pleaded guilty to that charge. By his own admission, DeMarco never "shot up" the substance he bought that day, nor did he get any reaction from having swallowed the bags. The plastic bags remained sealed and passed from his body about five days later.

In *Commonwealth* v. *Dawson*, 399 Mass. 465, 467 (1987), a police officer had been indicted on various charges involving the possession of controlled substances. A judge reported the question, "[w]hether a substance can be identified as a controlled drug as defined by G. L. c. 94C, § 31, through the testimony of experienced police officers or the users of the drug rather than through laboratory analysis or testimony by a qualified chemist?" *Id.* at 466-467. We answered that proof by a chemical analysis is unnecessary and may, instead, be made by circumstantial evidence. We said that "[t]he great weight of authority in this country permits, for example, an

experienced user of a controlled substance to testify that a substance that he saw and used was a particular drug (citations omitted)." *Id.* at 467. We also said: "The trial judge will first have to make a finding that any police or drug-user witness's experience with a drug would or would not permit him to give an opinion as to what drug a particular substance was. If the judge finds the witness qualified, the knowledge and competence of that witness, and his lack of training in chemical analysis, will bear on the weight to be given to his testimony." *Id.*

On appeal, the defendant argues only that (1) the judge failed to make the type of finding required by *Dawson,* and (2) there was no evidence that DeMarco "used" the substance distributed to him by the defendant pursuant to the alleged conspiracy. We are not persuaded by the defendant's arguments. Assuming that the defendant adequately objected at trial to the admissibility of DeMarco's testimony concerning a pattern of dealings between DeMarco and the defendant in heroin, a matter not made entirely clear by the record, the judge's allowance of the testimony implies a prior determination by him that the witness's experience qualified him to characterize the subject of those transactions as heroin. *Commonwealth* v. *Baker,* 368 Mass. 58, 84 (1975). *Commonwealth* v. *Boyd,* 367 Mass. 169, 183 (1975). Thus, the evidence of a prior pattern was in place, and that evidence warranted a finding that the transaction implementing the conspiracy also was intended by the defendant to involve heroin, which is all that was needed to satisfy the Commonwealth's burden of proof. It was not necessary for the Commonwealth to show that the defendant "used" the substance delivered to him on February 18, 1987. In *United States* v. *Harrell,* 737 F.2d 971, 978-979 (11th Cir. 1984), cert. denied, 469 U.S. 1164 (1985), and 470 U.S. 1027 (1985), a case relied on in *Dawson, supra,* the United States Court of Appeals for the Eleventh Circuit concluded that a witness need not have used the substance on the occasion in question in order to testify as to its nature. It is enough that the witness have familiarity based on prior use or sale. We agree with that court that "[i]dentification based

on past use coupled with present observation of the substance at hand will suffice to establish the illicit nature of a suspected substance." *United States* v. *Harrell, supra.*

*Judgment affirmed.*