COMMONWEALTH *vs.* FAURRY VILLATORO.

No. 09-P-112.

Suffolk. January 29, 2010. - April 23, 2010.

Present: LENK, MILLS, & GRAINGER, JJ.

*Practice, Criminal,* Motion to suppress, Argument by prosecutor, Assistance of counsel. *Arrest. Search and Seizure,* Arrest, Automobile, Threshold police inquiry, Probable cause. *Constitutional Law,* Search and seizure, Probable cause, Assistance of counsel, Confrontation of witnesses. *Controlled Substances. Threshold Police Inquiry. Probable Cause. Perjury. Evidence,* Certificate of drug analysis.

There was no error in the denial of a criminal defendant's pretrial motion to suppress marijuana discovered on his person and in the trunk of an automobile he was driving, where the police officer who conducted the lawful stop of the automobile detected an odor of unburnt marijuana and therefore had probable cause to believe there were drugs in the car, justifying the officer's patfrisk of the defendant as a search incident to a lawful arrest, and where the discovery of marijuana on the defendant's person during the patfrisk justified a comprehensive search of the vehicle pursuant to the automobile exception to the warrant requirement. [647-648]

At a criminal trial, inconsistencies between a police officer's testimony at an evidentiary hearing on the defendant's pretrial motion to suppress evidence and at trial, in conjunction with two reported decisions in other cases that implicated the officer in charges of perjury, did not create a substantial risk of a miscarriage of justice, where the two decisions in other cases did not place a special duty on the Commonwealth to disavow the testimony, and where the inconsistencies appearing in the record of the instant case were not substantial, in that the testimony in question did not relate to material evidence and did not suggest perjury. [648-650]

At a criminal trial, there was no abuse of discretion in the judge's declining to reconsider the denial of a motion to withdraw made by the defendant's counsel on the day of the trial. [650-651]

At the trial of indictments charging, inter alia, possession of marijuana with intent to distribute as a second or subsequent offense, sufficient evidence of a prior conviction supported the defendant's conviction, where the Commonwealth presented the testimony of a police officer who arrested the defendant for possession with intent to distribute on a prior occasion, and through the officer presented a certified criminal docket. [651]

At the trial of indictments charging, inter alia, possession of marijuana with intent to distribute, the judge erred in admitting in evidence drug analysis certificates in the absence of testimony by the analyst, in violation of the defendant's right to confront the witnesses against him; however, the error

was harmless beyond a reasonable doubt where the premise of the defense was that the defendant was a consumer, not a distributor, the weight of the unobjectionable evidence supporting the Commonwealth's case was overwhelming, and the certificates were not mentioned other than when they were introduced and once in the prosecutor's closing. [651-654]

INDICTMENTS found and returned in the Superior Court Department on March 9, 2006.

A pretrial motion to suppress evidence was heard by *Charles J. Hely*, J., and the cases were tried before *Ralph D. Gants*, J.

*Stacy J. Silveira* for the defendant.

*Zachary Hillman*, Assistant District Attorney, for the Commonwealth.

GRAINGER, J. The defendant, Faurry Villatoro, was convicted of several drug-related crimes.[1] He appeals, alleging that the trial judge erred in (1) denying his motion to suppress evidence resulting from multiple illegal searches, (2) convicting him based on allegedly perjured testimony, (3) failing to reconsider the denial of his counsel's motion to withdraw, (4) failing to prove the second and subsequent offense charge beyond a reasonable doubt, and (5) admitting drug certificates absent testimony of a drug analyst. We address the defendant's numerous claims seriatim.

*Background.* We summarize the facts as found by the motion judge, supplemented by uncontested testimony from the suppression hearing.[2] While on patrol, Officers Rance Cooley and James Tarentino of the Boston police department observed the defendant behind the wheel of a stationary vehicle obstructing traffic on Harvard Street. Officer Cooley activated his cruiser lights and pulled behind the stopped vehicle. As he was speaking with the defendant, Officer Cooley noticed a "really strong smell of unburnt marijuana" emanating from the open driver's side window. Officer Cooley recognized the smell from his Drug Enforcement Administration task force training as well as numerous marijuana-related arrests and seizures.

---

[1] The defendant was convicted of (1) possession with intent to distribute marijuana (G. L. c. 94C, § 32C[a]), (2) as a second and subsequent offense (G. L. c. 94C, § 32C[b]), (3) within 1,000 feet of a school (G. L. c. 94C, § 32J).

[2] We reserve discussion of the facts presented at trial for consideration in connection with the defendant's trial-related claims.

Officer Cooley issued an exit order to the defendant. As the defendant emerged from the vehicle, Officer Cooley observed the corner of a plastic sandwich bag protruding from the defendant's waistband. He immediately pat frisked the defendant, recovering the bag which appeared to contain marijuana. Officer Cooley placed the defendant under arrest and, with Officer Tarentino's assistance, conducted a search of the defendant's vehicle. The search revealed two additional bags of marijuana located in a gym bag within the trunk of the vehicle.

*Discussion. Motion to suppress.* "When reviewing the denial of a suppression motion, 'we accept the judge's subsidiary findings of fact absent clear error, but conduct an independent review of the judge's ultimate findings and conclusions of law.' " *Commonwealth* v. *Gomes*, 453 Mass. 506, 508-509 (2009), quoting from *Commonwealth* v. *Washington*, 449 Mass. 476, 480 (2007). "[O]ur duty is to make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." *Id.* at 509, quoting from *Commonwealth* v. *Mercado*, 422 Mass. 367, 369 (1996).

Having observed the defendant commit a traffic violation, Officer Cooley possessed sufficient justification for a motor vehicle stop. See *Commonwealth* v. *Santana*, 420 Mass. 205, 207 (1995). As stated, subsequent to the lawful stop, Officer Cooley detected an odor of unburnt marijuana emanating from the vehicle, which supplied probable cause to believe there were drugs in the car. See *Commonwealth* v. *Garden*, 451 Mass. 43, 47-48 (2008) (officer's detection of odor of burnt marijuana emerging from a motor vehicle provided probable cause to search the vehicle).[3]

At that point, Officer Cooley's exit order and patfrisk of the defendant's person were justified as a search incident to a lawful arrest. "[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the

---

[3]The defendant rightly contends that the odor of marijuana is sufficient only when detected by an officer with experience and training in narcotics detection. However, as in *Garden, supra* at 49, the judge included the fact that Cooley "recognized the smell from training and many arrests with marijuana seizures" in his written findings denying the defendant's motion. The judge implicitly credited Officer Cooley's testimony on the subject and believed that he was qualified to recognize the odor.

police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." *Commonwealth* v. *Alvarado*, 420 Mass. 542, 550 (1995), quoting from *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992), and *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). The patfrisk revealed marijuana on the defendant's person, justifying in turn a comprehensive search of the vehicle, including the trunk, pursuant to the automobile exception to the warrant requirement.[4] See *Commonwealth* v. *Motta*, 424 Mass. 117, 123-124 (1997). Thus, the marijuana discovered in the defendant's trunk was lawfully seized.

*Officer Cooley's testimony.* We next consider the defendant's claim that his convictions must be vacated where inconsistencies between Officer Cooley's testimony at trial and at the suppression hearing lead to the inescapable conclusion that the jury relied on perjured testimony. Because the defendant raises this argument for the first time on appeal, we review for a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).

Perjury is a serious charge, and alleged perjury by a police officer implicates an essential facet of our criminal justice system. The defendant points to two reported decisions that implicated Officer Cooley in charges of perjury which, the defendant alleges, in conjunction with the inconsistencies in Officer Cooley's trial testimony here, placed a duty on the prosecutor to disavow his testimony. See Mass.R.Prof.C. 3.4(b), 426 Mass. 1389 (1998) ("A lawyer shall not . . . counsel or assist a witness to testify falsely"); Mass.R.Prof.C. 3.8(a), as amended, 428 Mass. 1305 (1999) ("The prosecutor in a criminal case shall refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause"). The defendant's examples placed no such duty on the prosecutor.

---

[4]The defendant's reliance on *Garden* in arguing that searching the trunk exceeded the permissible scope of the automobile search is misplaced. *Garden* is distinguishable because the search there rested on probable cause supplied by the officer's detection of an odor of burnt marijuana emanating from the vehicle. The search in this case was conducted after Officer Cooley discovered contraband on the defendant's person. The discovery of contraband justified a search of the entire vehicle, including the trunk.

In *United States* v. *Jones*, 609 F. Supp. 2d 113, 122 (D. Mass. 2009), a Federal district judge explicitly found, more than two years after the trial in this case, that Cooley had committed perjury at a suppression hearing. While we recognize that the Commonwealth's duty to present honest testimony properly supporting charges is paramount, we do not impose a duty on prosecutors based upon events that have not yet transpired. More directly pertinent is *Commonwealth* v. *Garden*, 451 Mass. at 43. While the *Garden* decision was published well after the trial in this case,[5] the hearing on the motion to suppress in *Garden*, at which part of Cooley's testimony was not credited, was held eight months before he took the stand in this case. However, the motion judge's decision in *Garden* contains but a single reference to the fact that he did not credit all of Cooley's testimony[6]; relevant especially to this case is the Supreme Judicial Court's recognition that "no such disclaimer appears to modify the finding concerning Officer Cooley's detection of the odor of marijuana." *Id.* at 49. While we are unpersuaded by the defendant's claim that these two cases placed a special duty on the prosecutor, we take seriously the charge that blatant inconsistencies are an indication of perjury and misconduct here, warranting reversal. We turn therefore to the evidence in this case.

Notwithstanding the defendant's vigorous protestations, a thorough review of the record leads us to conclude that the inconsistencies are not substantial.[7] The thrust of Officer Cooley's testimony — regarding the motor vehicle stop, the smell of marijuana, and his subsequent discovery of narcotics

[5]The trial below was held on October 31, 2006. The *Garden* decision was released in April, 2008. The lengthy delay between trial and appellate review is explained, but far from justified, by the two-year period required for the transcripts to be completed and filed.

[6]The judge in *Garden* did not credit Officer's Cooley testimony that he saw the muzzle of a gun when searching the back seat of an automobile.

[7]We recount the main examples alleged by the defendant:

At the suppression hearing, Cooley testified that he pat frisked the defendant before the arrest. At trial, Cooley testified at one point that the patfrisk followed the arrest. He also testified almost at the same time that during the patfrisk he pulled a plastic bag out of the defendant's pocket before arresting him.

At the suppression hearing, Cooley testified that when he observed the defendant obstructing traffic, he waited for the intervening cars to go around the defendant's vehicle and then pulled behind the defendant, activating his

— was consistent. Moreover, the defendant could have cross-examined the witness on the basis of his allegedly inconsistent testimony, especially since a number of the inconsistencies were contained within the trial testimony itself.

The defendant's contentions regarding the Commonwealth's ethical obligations based on the testimony at the motion hearing and trial are likewise unavailing. A witness's alteration of testimony between the suppression hearing and the trial "does not by itself establish that the Commonwealth knew, or reasonably should have known," that the testimony was false. *Commonwealth* v. *Hap Lay*, 63 Mass. App. Ct. 27, 31-32 (2005). Viewed from a realistic or practical perspective no less than a legal one, the testimony in question does not relate to material evidence and does not suggest perjury.

*Counsel's motion to withdraw.* The defendant next takes issue with the trial judge's refusal to reconsider the denial of trial counsel's motion, made on the trial date, to withdraw, which he contends was an abuse of discretion. A trial judge has broad discretionary power over requests for last-minute shifts in representation which threaten to delay proceedings. *Commonwealth* v. *Johnson*, 424 Mass. 338, 341 (1997). Furthermore, judges are permitted to reconsider rulings on pretrial motions only upon a showing that substantial justice requires a rehearing. See Mass. R.Crim.P. 13(a)(5), as appearing in 442 Mass. 1516 (2004). Here, the defendant's motion was previously denied on two occasions by two different judges. There was no indication that the defendant's current counsel was unwilling or unable to effectively represent his interests.[8] See *Commonwealth* v. *Ruiz*, 442 Mass. 826, 840 (2004) (no abuse of discretion in denying motion

lights but not his horn. At trial he testified that he activated both lights and horn and pulled into the oncoming lane in order to pull alongside the defendant.

At the suppression hearing, Officer Cooley made no mention of any alleged "fidgeting" by the defendant. At trial he stated that the defendant's "fidgeting . . . threw a flag up in my head."

At the suppression hearing, Cooley stated that the defendant's window was "wide open" when he approached and detected the odor of marijuana. At trial, he testified consistently with his statement at the suppression hearing, but then also stated that the defendant "put the window down while I was speaking to him."

[8] The judge stated: "I also will appoint Mr. Moss to serve as your standby counsel and I've described the role that he may play as standby counsel. That

to substitute counsel two weeks prior to trial where current counsel was willing to present the defendant's trial strategy). In light of these considerations, we conclude that the trial judge acted within his discretion in refusing to reconsider the motion.

*Second and subsequent offense.* A requisite element of conviction under G. L. c. 94C, § 32C(*b*), is proof beyond a reasonable doubt of one or more prior convictions. *Commonwealth* v. *Savageau,* 42 Mass. App. Ct. 518, 520 (1997). At the defendant's second trial the Commonwealth called Officer Adam Mazzole, who testified to arresting the defendant for possession with intent to distribute on August 2, 1997, and through whom a certified criminal docket was presented.[9] Though the docket is unclear as to the exact date of the defendant's prior conviction, we conclude that the Commonwealth presented sufficient evidence from which the jury could find that the defendant had previously been convicted of violating drug laws. See *Commonwealth* v. *Olivo,* 58 Mass. App. Ct. 368, 370-372 (2003) (testimony of officer who participated in the defendant's prior arrest and certified conviction was sufficient to show second and subsequent drug offense).

*Right to confrontation:* Melendez-Diaz *issue.* This case was tried, appealed, and briefed before the United States Supreme Court granted certiorari in the case of *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. 2527 (2009). In his reply brief, however, the defendant raised the confrontation issue for the first time, asserting that the drug certificates introduced by the Commonwealth violated his rights under the Sixth Amendment to the United States Constitution in the absence of the analyst who performed the tests evidenced by the certificates. There is no question that such a violation occurred.

In the absence of any objection below, we normally apply the substantial risk of a miscarriage of justice test to the objectionable evidence. *Commonwealth* v. *Rodriguez,* 67 Mass. App. Ct.

---

also means that since he was your attorney, if at any point in time during the course of the trial you decide that this decision to represent yourself is one which is a bad idea or at least an idea that you don't wish to continue with, I will permit you during the course of the trial to allow Mr. Moss to again represent you. . . ."

[9] The docket verified Officer Mazzole's testimony, listing the date of arrest as August 2, 1997.

636, 641 (2006), *S.C.*, 450 Mass. 302 (2007). The defendant maintains that he is entitled to the more stringent standard of review despite his lack of objection because, notwithstanding the United States Supreme Court's decision in *Crawford* v. *Washington*, 541 U.S. 36 (2004), *Commonwealth* v. *Verde*, 444 Mass. 279 (2005), was still the law of the Commonwealth at the time of trial.[10] Because we conclude that the error was harmless under either standard, we affirm the convictions on this basis as well.

The defendant not only admitted that the substance in question was marijuana, he testified at length on the subject, asserting the distinction between different grades of "weed," explaining why he also had smoking implements and baggies on his person, and detailing his experience and long history of marijuana use.[11] "Proof that a substance is a particular drug need not be

---

[10]After briefing and oral argument before us, the Supreme Judicial Court decided *Commonwealth* v. *Vasquez*, 456 Mass. 350 (2010), adopting the same position.

[11]A representative sample of the defendant's statements are as follows:

> VILLATORO: "He went for my waist . . . and that's when he found a bag of marijuana."
>
> . . .
>
> VILLATORO: "He asked me what it was and I told him, marijuana."
>
> . . .
>
> *Q*: "[W]hy did you buy the blunts and the baggies?"
>
> *A*: "Because I had weed on me."
>
> *Q*: "Okay. When did you get the weed?"
>
> *A*: "I got the weed earlier, not too long earlier in the barbershop. . . ."
>
> . . .
>
> VILLATORO: "I'm not denying that I possessed marijuana, I['m] just trying to show I have no time to sell drugs."
>
> . . .
>
> *Q*: "So you said you had possessed marijuana?"
>
> *A*: "Yes."
>
> COURT: "[J]ust to be clear, you are referring to the date of December 6, 2005?"

made by chemical analysis and may be made by circumstantial evidence." *Commonwealth v. Dawson*, 399 Mass. 465, 467 (1987) (citations omitted). The judge was entitled to infer that the defendant was fully able to identify genuine marijuana when he purchased the drugs in question on the same day he was

> *A:* "On December 6, yes."
>
> *Q:* "[D]o you have knowledge of drugs, marijuana or others?"
>
> *A:* "Yes."
>
> . . .
>
> *Q:* "How long have you smoked weed for?"
>
> *A:* "Since I was 13. That would be about 15 years now."
>
> . . .
>
> VILLATORO: "I testified that I got the marijuana at the barbershop before the arrest."
>
> . . .
>
> *Q:* "And you said a customer came in and you bought marijuana; is that right?"
>
> *A:* "Yes."
>
> . . .
>
> *Q:* "So you bought how many bags of weed off him?"
>
> *A:* "[T]wo and a half ounces."
>
> . . .
>
> *Q:* "So you now have $700 worth of marijuana, one in your waistband, correct?"
>
> *A:* "Yes."
>
> *Q:* "And that's the purple haze?"
>
> *A:* "Yes."
>
> *Q:* "The good stuff, because that's valuable, right?"
>
> *A:* "That's the one I wanted to smoke on the way home, yes."
>
> . . .
>
> *Q:* "So while you were working you took a break. . . . And you put that, at that point, the two bags [of marijuana] inside the trunk in a bag, is that right?"
>
> *A:* "The two — the regular weed, yes."

arrested, and fully competent to testify on the subject. See *Commonwealth* v. *Cantres*, 405 Mass. 238, 245-246 (1989) ("[T]he judge's allowance of the testimony implies a prior determination by him that the witness's experience qualified him to characterize the subject of those transactions as [drugs]"). Additionally, the arresting officer recounted that he had received Drug Enforcement Administration task force training and Bureau of Alcohol, Tobacco, and Firearms drug recognition training; he testified further that he also recognized the odor of marijuana when he approached the defendant based on his own experience, including hundreds of marijuana arrests. Again, the judge could implicitly accept his testimony as based on expertise gained through training and experience.

On this record, and with reference to the factors enumerated in *Commonwealth* v. *Diaz*, 453 Mass. 266, 274 (2009), we conclude that the introduction of the certificates was harmless beyond a reasonable doubt. The premise of the defense was that the defendant was a consumer, not a distributor. The weight of unobjectionable evidence supporting the Commonwealth's case was overwhelming. The certificates were not mentioned other than when they were introduced and once in the prosecutor's closing. *Ibid.* Here, under the test clearly enunciated in *Chapman* v. *California*, 386 U.S. 18, 24 (1967), there is no "reasonable possibility that the evidence complained of might have contributed to the conviction."

*Judgments affirmed.*