## COMMONWEALTH *vs.* NORMAN DEGRAY.

No. 09-P-433.

Hampden. November 12, 2009. - June 25, 2010.

Present: DUFFLY, GREEN, & KATZMANN, JJ.

*Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Automobile, Exigent circumstances, Probable cause. *Controlled Substances. Practice, Criminal,* Motion to suppress. *Probable Cause.*

A Superior Court judge erred in allowing a criminal defendant's motion to suppress evidence discovered by police officers during a search of the trunk of an automobile in which the defendant had been a passenger when it was stopped by the police, where the scope of the search extending to the trunk was justified given that marijuana found in the passenger compartment established a connection between that contraband and the automobile, as did the driver's admission that he and his passengers had been smoking marijuana in the car. [124-127]

INDICTMENTS found and returned in the Superior Court Department on November 8, 2007.

A pretrial motion to suppress evidence was heard by *Judd J. Carhart,* J.

An application for leave to prosecute an interlocutory appeal was allowed in the Supreme Judicial Court for the county of Suffolk by *Robert J. Cordy,* J., and the appeal was reported by him to the Appeals Court.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

*Robert E. Fox* for the defendant.

KATZMANN, J. This appeal presents the issue whether police officers may reasonably search the trunk of an automobile where there was an odor of burnt marijuana in the vehicle, where the driver of the automobile admitted that he and the vehicle's other occupants had been smoking marijuana in the automobile, and where two marijuana cigarettes as well as marijuana remnants

were found in the passenger compartment. The Commonwealth appeals from a Superior Court judge's allowance of the defendant's motion to suppress evidence seized from the trunk. We reverse.

1. *Background.*[1] After an evidentiary hearing, the judge found the following. In the early morning of April 21, 2006, Officer Jeff Rudinski was stationed in a parking lot off Main Street in Wilbraham. At around 1:45 A.M., Rudinski spotted a Nissan Altima automobile with inoperable rear lights on Main Street, and pulled it over. Rudinski had observed that the rear passenger window was down when the vehicle drove past him. The driver's window was already down when Rudinski approached the automobile, and it was a "chilly" night.

Three individuals were in the automobile, including the driver, the defendant, who was in the front passenger seat, and a third occupant, who was sitting in the rear passenger seat. After checking his laptop in the cruiser to see if any of the three had a valid license, Rudinski returned to the vehicle to obtain a physical description of the driver, which he needed to complete the citation for driving without a license. At that point, Rudinski smelled burnt marijuana coming from the vehicle. The driver admitted to Rudinski that he and his passengers had been smoking marijuana in the vehicle.

Two other officers, Officer Caputo and Officer Lennon, arrived shortly after the vehicle was stopped. Rudinski told Caputo that he smelled marijuana in the vehicle, and they searched the three individuals, finding no contraband. The officers then searched the passenger compartment of the vehicle, and found two marijuana cigarettes in the ashtray.[2] Rudinski also "saw marijuana on [the rear passenger's] lap."[3]

While Rudinski testified that the armrest in the rear seat was down, and that he could see directly into the trunk through that

---

[1]On an appeal of a motion to suppress, we accept the motion judge's findings of fact unless there is clear error, but independently determine the application of constitutional principles to those facts as found. See *Commonwealth* v. *Jimenez*, 438 Mass. 213, 218 (2002); *Commonwealth* v. *Scott*, 440 Mass. 642, 646 (2004).

[2]There was no evidence that these marijuana cigarettes were smoked.

[3]There was also testimony that "remnants of marijuana" were found on the driver's seat and the front passenger seat, where the defendant was sitting.

opening, the judge rejected this testimony. Instead, the judge found that there was a plastic shield between the back seat and the trunk, as stated by Caputo. The officers did not attempt to remove the plastic shield.

During the search of the trunk, the officers found a clear container that had marijuana inside. Also, Caputo found eight bags of cocaine and ecstasy pills inside of a soup can located in the trunk.

The defendant moved to suppress the evidence found in the trunk, which the judge granted because he found that the Commonwealth did not demonstrate probable cause to search the trunk. Interpreting *Commonwealth* v. *Garden*, 451 Mass. 43 (2008) (*Garden*), the judge determined that the smell of burnt marijuana in the vehicle "does not support an inference that the occupants were transporting marijuana in the trunk. This is especially so in light of my findings that there was no clear opening from the backseat area to the trunk." Subsequently, the judge denied the Commonwealth's motion to reconsider. The Commonwealth then filed an application for leave to appeal, which a single justice of the Supreme Judicial Court allowed. See Mass.R.A.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). In this interlocutory appeal, the Commonwealth contends that the judge did not construe *Garden* correctly, and erred by suppressing all the evidence seized from the trunk.

2. *Discussion.* The Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights protect people against "unreasonable searches and seizures." "[W]hen an automobile is stopped in a public place with probable cause, no more exigent circumstances are required by art. 14 beyond the inherent mobility of an automobile itself to justify a warrantless search of the vehicle." *Commonwealth* v. *Motta*, 424 Mass. 117, 124 (1997). See *Commonwealth* v. *Eggleston*, 453 Mass. 554, 554 (2009). See also *Pennsylvania* v. *Labron*, 518 U.S. 938, 940 (1996) (Fourth Amendment does not require exigent circumstances to justify the warrantless search of a motor vehicle stopped in transit or seized or searched in public place). See generally Smith, Criminal Practice & Procedure § 4.122 (3d ed. 2007); Grasso & McEvoy, Suppression Matters Under Massachusetts Law § 14-2 (2010).

In *Garden, supra* at 44, the Supreme Judicial Court affirmed the allowance of a motion to suppress evidence of firearms seized from the trunk of a vehicle after officers smelled marijuana upon stopping the vehicle. When the officers in *Garden* approached the vehicle, they smelled burnt marijuana on the clothing of the defendant, who was sitting in the driver's seat. *Id.* at 45. A search of the defendant and one of his passengers, as well as the passenger compartment, did not reveal any contraband. *Ibid.* Over the defendant's objections, an officer opened the trunk and found three pistols. *Ibid.* The judge granted the defendant's motion to suppress evidence seized from the trunk. *Id.* at 44.

The Supreme Judicial Court affirmed, holding that "[t]he search of the . . . trunk . . . exceeded the permissible scope of the search because [the officer] could not reasonably have believed that the source of the smell of burnt marijuana would be found in the trunk." *Id.* at 51. The court continued:

> "There is no question that in many cases involving searches of automobiles, probable cause to search extends to every area within the vehicle, including the trunk. The facts of this case, however, require a different conclusion, because the odor detected by the officers was not the odor of raw marijuana, which might reasonably suggest the defendant was engaged in selling or transporting the drug, but rather the odor of burnt marijuana, suggesting that the defendant, or others in the car, had been smoking marijuana in the not too distant past. Simply from detecting the odor of burnt marijuana on the clothes of the car's occupants — most of whom he had seen enter the car a very short time before — the officer could not reasonably have inferred that burning, recently burned, or even raw marijuana would be found in the trunk. Accordingly, the search of the trunk was beyond the scope permitted by art. 14 or the Fourth Amendment."

*Id.* at 52. The court acknowledged that "[h]ad the officers discovered contraband during the search of the passenger compartment or its passengers, even a small amount suggesting personal use, the permissible scope of the search might have extended not only to the passenger compartment of the auto-

mobile but also to its trunk. This is because '[i]t is widely accepted that the discovery of some controlled substances gives probable cause to search for additional controlled substances in the vicinity.' " *Id.* at 53, quoting from *Commonwealth* v. *Skea,* 18 Mass. App. Ct. 685, 690 n.8 (1984).

We can discern in *Garden* and other Massachusetts cases the intersection of two principles relevant to the case before us. First, observing a marijuana cigarette, even if devoid of a "characteristic burning odor," provides a trained police officer with "probable cause . . . to seize the cigarette, examine it, and investigate for the presence of other controlled substances." *Commonwealth* v. *Skea, supra* at 688. Second, to justify the search of a trunk, there must be a connection between the vehicle and the contraband. Compare *Commonwealth* v. *Pena,* 69 Mass. App. Ct. 713, 718 (2007) (no probable cause to search the entire vehicle based solely on finding of drugs on the passenger because this did not create a sufficient "connection between the car and the [passenger's] drugs" [cited with approval in *Garden, supra* at 53]), with *Commonwealth* v. *Villatoro,* 76 Mass. App. Ct. 645, 647-648 (2010) (discovery of plastic bag containing marijuana on the driver, who was alone in the automobile, justified comprehensive search of the vehicle, including the trunk).

In sum, we conclude that the search of the trunk in this case was reasonable. In *Garden,* the smell of burnt marijuana on the clothes of the automobile's occupants did not, in the absence of any physical evidence, give rise to the inference that marijuana had been smoked in the vehicle, and that marijuana might reasonably be found elsewhere in the vehicle. Here, by contrast, the officers found two marijuana cigarettes and marijuana remnants inside the automobile, establishing a connection between contraband and the vehicle. In addition, the driver of the automobile admitted that he and his passengers had been smoking marijuana in the vehicle, and the officer smelled burnt marijuana in the vehicle. All of these factors support a connection between the contraband and the automobile, a connection not present in *Garden.* As the court noted in *Garden, supra* at 53, the discovery of even a small amount of contraband in the passenger compartment, which might only be for personal use, can extend the scope of the search to include the trunk. Contrary to the defendant's contention, the scope of the search extending to the trunk

was "justified by the circumstances." *Commonwealth* v. *Moses*, 408 Mass. 136, 140 (1990).

*Order allowing motion to suppress reversed.*