After a jury-waived trial, a Superior Court judge found the defendant, Charles Justin Amado, guilty of conspiracy to commit murder. On appeal, the defendant contends that the evidence was insufficient to support the conviction and that the coconspirator statements introduced through Justin Bearce were improperly admitted. We affirm.
Discussion. To obtain the defendant's conviction, the Commonwealth was required to prove beyond a reasonable doubt that the defendant agreed with others to murder the victim and that he shared the intent to commit the crime. See Commonwealth v. Cantres, 405 Mass. 238, 244 (1989) ; Commonwealth v. Nee, 458 Mass. 174, 181 (2010). We review the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979).
The defendant's interview by the police and his testimony at the murder trial of the principal, Richard Forbes, were admitted in evidence in their entirety. Based on the defendant's own admissions, the evidence showed that he spoke frequently with Forbes and Bearce, usually at Bearce's house, about Forbes's plan to murder his father-in-law. Forbes asked the defendant to help, and he said he would. The plan that Forbes "mentioned most that he stuck with" was that Forbes would kill the victim while the defendant acted as a lookout on the path behind the victim's house; Bearce would provide an alibi for Forbes's wife (the victim's daughter). Forbes took the defendant to walk the path behind the victim's house, telling the defendant that the path was an "option" for entering or leaving the victim's home before or after the murder.
The defendant spoke with Chris Eid, "a big army guy," about Forbes's plan. Eid gave the defendant advice about "shooting [the victim] and getting rid of the body." Eid suggested that Forbes should use a silencer and said he could make one. Eid told the defendant, "[Y]ou should definitely ... get him out of there and get rid of [the body] no matter how you do it, ... bury him, burn him." The defendant, in turn, told Forbes not to leave the body at the murder scene. The defendant also advised Forbes that he should not shoot the victim, but should strangle him instead.
Three or four days after the murder, Forbes told the defendant that he had killed the victim. The police repeatedly asked the defendant if he knew who killed the victim, and the defendant repeatedly said he did not. According to the defendant's and Bearce's testimony,[2] the defendant was present at Bearce's house after the murder when the defendant burned some evidence of the crime in a bonfire.
Although the defendant at various times professed that he was merely humoring Forbes, the judge was not required to credit his exculpatory gloss. In any event, his words and deeds, considered as a whole, readily permitted the inference that he had agreed to help commit the crime and shared the intent to make it happen. He told Forbes, "I got your back," accompanied Forbes to view the area around the victim's house, sought out and gave advice, and helped cover up the crime after it occurred. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to support the conviction beyond a reasonable doubt.
The above discussion also demonstrates that the Commonwealth introduced sufficient, independent evidence to prove not just by a preponderance, but beyond a reasonable doubt, the existence of a conspiracy among the defendant, Forbes, and Bearce. Accordingly, the judge did not err in admitting Bearce's testimony concerning the out-of-court statements of the conspirators. See Commonwealth v. Winquist, 474 Mass. 517, 521 (2016) ; Mass. G. Evid. § 801(d)(2)(E) (2018).
Judgment affirmed.

Bearce's testimony in this regard did not include any out-of-court declarations.